23    327
126   383

# Yost *versus* Eby.

1. Whatever would be regarded as an informality in a declaration and as amendable under the Act of 1806, is to be regarded in the same light when it occurs in a plea or notice of set-off.

2. Where the plea of "set-off" is put in and notice of special matter given in due time stating the nature of the defence with substantial precision, the defendant, on the trial, may alter his plea by averring the defendant's liability for the same subject-matter to have occurred in a different manner. The case of Sharp v. Sharp, 13 *Ser. & R.* 445, affirmed: the case of Wilson v. Irwin, 14 *Ser. & R.* 176, in this respect, disapproved of. (See the case of McCay v. Burr, 6 *Barr* 153.)

Error to the Common Pleas of *Lancaster county.*

A suit had been brought before a justice of the peace in the name of William Patton and Christian Umble, as trustees and assignees of the late firm of Eby & Lightner, v. Christian Yost.

Eby & Lightner, as partners, were merchants in Lancaster county. Christian Yost was a farmer, residing in their neighborhood. It was alleged on his part, that in the winter of 1848 and spring of 1849, he delivered to Eby & Lightner 448⁴⁄₆₀ bushels of wheat by weight, which they were to keep in store for him till he ordered it to be delivered in Philadelphia. The wheat remained in the warehouse till the fall of 1849, when Yost directed it to be taken to Philadelphia. It was alleged on his part that they sent to the city only 364⁴⁹⁄₆₀ bushels, and disposed otherwise of the remainder, viz., 83⁵³⁄₆₀ bushels, which, at $1.05 per bushel, would amount to $88.06.

On the 24th January, 1851, Eby & Lightner made an informal assignment of their property to Patton & Umble, for the benefit

[Yost *v.* Eby.]

of creditors, and they, as assignees, brought suit against Yost before a justice of the peace, to recover $36.13, an alleged balance on book account, with interest, and for an alleged over-payment on grain.

At the hearing before the justice, Yost produced as a set-off, a book account, amounting to $1.07½, and a claim for $88.06 for the wheat before referred to. The justice refused to allow any part of the set-off except the book account of $1.07½, and entered judgment in favor of Umble and Patton, for $35.05½, and costs of suit. Yost appealed—the appeal being entered on 1st September, 1851. *Narr.* was filed on 17th November, 1851, and on 25th February, 1852, a report of arbitrators was filed, awarding no cause of action. An appeal was entered for plaintiffs. The pleas, April 6, were *non assumpsit*, payment, and payment with leave to give especial matters in evidence, &c., and set-off.

A jury being up for trial on 23d November, 1852, a motion was made for leave to amend the record by stating the names of the plaintiffs, as Moses Eby and John L. Lightner, for the use of Patton and Umble, their trustees, and to amend the *narr.* so as to conform to the record. The amendment was allowed. Surprise being alleged, the case was continued at the costs of the plaintiffs.

On 29th November, 1852, an amended *narr.* was filed, and rule on defendant to plead. November-30, 1852, pleas "*non assumpsit* and set off*"* entered. On 3d January, 1853, notice was served on defendants' attorney to state the matters of set-off fully in a plea or notice, under the rules of Court; and on 5th January, 1853, notice was given, that the defendant, under the pleadings in the case, would give in evidence and rely upon the following receipts and matters of set-off, viz.:

1. Rec'd, Concord, December 13, 1848, from Christian Yost, 59½ bushels white wheat, wt. 61⅔, to remain in store for further orders.          Signed,          Eby & Lightner.

What purported to be copies of other receipts were furnished —most of the other receipts were to the same effect;—in one of them the wheat was stated to be "in store," and in two of them "to remain in store."

On 27th April, 1853, the case was called for trial; and on the trial the receipts of which notice had been given, on 5th January, 1853, were offered in evidence on part of the defendant. Objection was made on part of plaintiff, and the case of Leas *v.* Laird, 6 *Ser. & R.* 129, being cited, and also the rules of Court relative to notice of set-off, the receipts were overruled. To this the *first* bill of exception was taken.

On part of defendant were then offered the receipts before referred to, coupled with evidence that the wheat had been otherwise appropriated by Eby & Lightner, and that the defendant had not been paid for it: cited 6 *W. & Ser.* 439; *Id.* 155; *Id.* 150. Evidence disallowed, and exception taken. This was the *second* bill.

[Yost v. Eby.]

Offer was then made on part of defendant to amend his plea, by pleading specially that the plaintiffs were common carriers, and as such received into their warehouse the following amounts of wheat to transport to the city of Philadelphia; and that instead of doing so, they appropriated the same to their own use, and have never paid defendant for the same. The wheat was the same referred to in the plea. The amendment was objected to, and was disallowed. Exception was taken—and this was the *third* bill.

April 27, 1853, verdict for plaintiffs, and damages assessed at $42.17.

It was assigned for error—1st. That the Court erred in rejecting the receipts for grain, copies of which were furnished to plaintiffs' counsel in the notice of set-off. 2. In refusing to allow the defendant, under the plea of set-off, to give the receipts in evidence, and to show the storage of the wheat, &c., part of the plaintiffs' claim being for over-payment of grain. 3. In refusing permission to amend the plea. 4. In allowing the substitution of other parties as plaintiffs.

*Stevens*, with whom was *Livingston*, for plaintiff in error.—As to the 1st and 2d assignments, it was contended that under the notice furnished on 5th January, 1853, of the matters of set-off, the evidence of the set-off should have been received. Notice of set-off should describe the demand with reasonable certainty: 6 *Ser. & R.* 120; 11 *Id.* 50; 5 *Barr* 54; 3 *Id.* 381; 1 *Jones* 268. The notice in this case was sufficient to inform the plaintiffs as to what would be the character of the set-off. Copies of the receipts proposed to be offered were furnished with the notice.

As to the 3d assignment, it was contended that the amendment of the plea was a matter of right, and not discretionary with the Court. The Act of 1806 authorizes amendments of pleas to be made on the trial. Sect. 6th of Act of 21st March, 1806; 2 *Jones* 342; 5 *Whar.* 116; 4 *Harris* 160; 7 *Ser. & R.* 81. Evidence may be excluded if notice, when required by rule of Court, be not given fifteen days before trial, if the plea be not amended; but the Act of 1806 authorizes amendments of the pleadings on the trial, and a Court has no right to adopt a rule prohibiting such amendment, unless made fifteen days before the trial. The plea of set-off had been entered in short. The plaintiffs' counsel asked for notice of the matters of set-off, and they were furnished; and on the trial the defendant's counsel moved to amend the plea by drawing it out *at length*. *No new matter* was offered. In the case of Sharp *v.* Sharp, 13 *Ser. & R.* 444, in which the plea was payment with leave, no notice of special matter had been furnished; and it was held that the defendant had the right to add the special matter by *special plea*. In the case of Wilson *v.* Irwin, 14 *Ser. & R.* 176,

it was refused. In the case of McCay *v.* Burr, 6 *Barr* 148, the plea was payment with leave, &c. In *the present case* the offer was to amend the plea of set-off. In set-off the defendant is actor as well as the plaintiff; and if the plaintiff can amend his bill of particulars, as in Wager *v.* Chew, 3 *Harris* 338, why should not defendant be allowed to amend his plea of set-off: 13 *Ser. & R.* 445.

As to the 4th assignment, it was said that new parties were added, and that this was error: 3 *Harris* 21; 5 *Barr* 103.

*North* and *Frazer*, contrà.—It was said that the record does not state that the amendment as to the parties was objected to when made.

The rule of Court under which notice was required, provides that " when a set-off is pleaded, it shall, if required, be specially and fully set forth in the plea, or in a notice to be given fifteen days before trial."

As to the *first* assignment. The notice given did not conform to the requisition, as it contained no claim for grain sold or detained, and nothing to show that it did not remain in the warehouse of Eby & Lightner. The notice should be as certain, and contain as precise information as a special declaration: 5 *Barr* 53–4; 1 *Jones* 278; 3 *W. & Ser.* 364; 5 *Ser. & R.* 120.

*Second* assignment. The matters offered not being properly stated, the notice was not admissible under the rule of Court. There was no claim made by the plaintiffs for over-payment of grain as claimed in the *narr.*

3. A defendant who has omitted to give notice under a short plea of set-off, cannot amend on the trial by filing a special plea of set-off, setting out the matter with particularity: Thorne *v.* Hugh, 9 *Legal Intelligencer* 46; 14 *Ser. & R.* 176, Wilson *v.* Irwin; 6 *Barr* 153, McCay *v.* Burr.

4. The amendment of *parties* was right under the proviso to the 4th sect. of the Act of 20th March, 1810, providing that no mistake in form in proceedings before justices of the peace shall prejudice either party. The proviso relates to appeals from one justice: 3 *Whar.* 82. *The same cause of action* must be preserved: 2 *Watts* 14; 1 *Harris* 63.

The opinion of the Court was delivered, June 8, 1854, by

LEWIS, J.—The Act of 1806, relative to the amendment of pleadings, declares that " when, in the opinion of the Court, an informality in a declaration or plea will affect the merits of the cause, the plaintiff shall be permitted to amend his declaration or statement, and the defendant may alter his plea or defence, on or before the trial of the cause." The effect of this Act has been to make amendments, which before were discretionary, a matter of right, which it was error to refuse: 13 *Ser. & R.* 248; 6 *Barr* 88; 8 *Watts* 461, &c. Reason and justice require that the defendant should at least be

[Yost v. Eby.]

placed on a footing of equality with the plaintiff. The statute does this in language entirely free from ambiguity. In the same breath that it grants to the plaintiff the right to "amend his declaration or statement," it declares that "the defendant may alter his plea or defence." Where a defendant claims a set-off, his defence is in the nature of an action, and his plea or notice of set-off is in the nature of a declaration. Whatever would be regarded as an' informality in a declaration, to be amended as matter of right under this Act, must be considered in the same light, when it occurs in a plea or notice of set-off. In the amendment of a declaration the principle is established, that as long as the plaintiff adheres to the original instrument or contract on which the declaration is founded, an alteration of the *grounds* of recovery *on that instrument or contract*, or of the *modes in which the defendant has violated it*, is not an alteration of the cause of action: Cox v. Tilghman, 1 *Whart.* 287; Stewart v. Kelly, 4 *Harris* 162. New and different breaches of the same contract may be assigned: Cassel v. Cook, 8 *Ser. & R.* 268; Shannon v. Commonwealth, 8 *Ser. & R.* 444. Where the action is on a policy of insurance, and the plaintiff declared on losses by *capture of an enemy*, he may add a count on the same policy for *loss by barratry*. Where the action is for the misconduct of the plaintiff's agent in the sale of cotton, he may add different forms of misconduct on the sale of the same article: Rodrique v. Curcier, 15 *Ser. & R.* 82. Where the action is on a contract for the sale of hogs, and the plaintiff declares on an *actual delivery* of the hogs, he may amend by averring a mere *readiness to deliver* them: Stewart v. Kelly, 4 *Harris* 160. A different contract in *form* may be introduced, but not in substance; where the action is for the value of goods a *quantum meruit* may be added to the counts on an agreement for a *specific price*: Rodrique v. Curcier, 15 *Ser. & R.* 82. These principles have been recognised in the cases cited. Let us apply them to that under consideration.

The defendant claimed a set-off for the value of certain quantities of wheat delivered by him to the plaintiffs at different times. A receipt was taken at the time each load of wheat was delivered, specifying the date and quantity. In most of them it was stated that the wheat "was to remain in store for further orders;" but in some of them it was simply said that it was to "remain in store." This difference was not material, because wheat deposited "to remain in store" was as much subject to the "further orders" of the owner, as if these words had been expressed in the receipts. In giving the notice of set-off, the defendant furnished the plaintiffs with an accurate copy of each receipt. When these were offered on the trial, coupled with evidence that the plaintiffs appropriated the wheat to their own use and never paid for it to the defendant, the evidence was rejected. The reason for this does not appear

in the bills of exception, but we understand that it was excluded because nothing was said in the notice of special matter of the manner in which the plaintiffs had broken their contract in respect to the property, and because the precise terms of the contract were not stated. The defendant then offered to amend his plea " by pleading specially that the plaintiffs were common carriers, and, as such, received into their warehouse" the amounts of wheat set forth in the receipts " to transport to Philadelphia, and that, instead of doing so, they appropriated the same to their own use, and have never paid the defendant for the same." The Court refused to permit the amendment, and the defendant was thus deprived of the privilege of submitting his set-off to the jury. It is plain that the defence throughout was founded on a claim to compensation for the wheat delivered to the plaintiffs on a contract which rendered them liable to account for it; that the plea of set-off offered on the trial claimed compensation for the identical wheat specified in the notice of special matter; and that the only amendment proposed was in the *formal* manner of stating the plaintiffs' liability. This was no greater change in the manner of establishing his claim to compensation for his wheat than that produced by substituting a contract to pay for goods *as much as they were worth,* for one which fixed upon a *particular price ;* or than that sustained by substituting an *executory contract,* with an averment of a *readiness to deliver* the property and a refusal to accept it, for a contract *executed* by *actual delivery and acceptance.* Nor could the amendment take the party more by surprise than one which permitted the plaintiff to change his ground from a *capture by an enemy* to a *loss by barratry.* It is clear, therefore, from the authorities, that if the defendant had been allowed no more than the benefit of the rule which governs amendments by plaintiffs, the one asked for in this case would not have been denied. But in Hartman *v.* the Keystone Insurance Company, 9 *Harris* 466, it was held that although a *plaintiff* is not permitted to alter his declaration so as to introduce a new cause of action, " the right of the *defendant* to change his plea *is not limited by anything but the discretion of the Court, and by that he is held merely to good faith.*" Where the Court is satisfied from evidence that the notice of special matter was either omitted entirely, or insufficiently drawn up, for the purpose of procuring delay, or in order to gain some other unfair advantage, the amendment should be refused; but where there is no evidence of bad faith, and the amendment affects the merits of the cause, the defendant has a right to alter or amend his plea on or before the trial. If the Court has reason to suspect that the object is merely to gain the conclusion, or to change the burthen of proof, an affidavit may be required that the amendment proposed will affect the merits, and that it is not desired for any other reason.

[Yost *v.* Eby.]

We can readily appreciate the embarrassment which may have been produced in the mind of the learned President of the Common Pleas by the case of Wilson *v.* Irwin, 14 *Ser. & R.* 176, and others founded upon it.   That decision is in direct conflict with the previous ruling of the Court in Sharp *v.* Sharp, 13 *Ser. & R.* 444.   The first decision was well considered, and is founded on a careful regard for the rights secured by the Act of Assembly; but it was not reported when the subsequent decision was made, and, owing to the introduction of additional judges, was probably overlooked, as it does not seem to have been cited or noticed.   In adhering to the older and better opinion, we disturb no rule of property.   We merely change a rule of practice founded upon an erroneous construction of the statute.   It is true that the cases of Sharp *v.* Sharp and Wilson *v.* Irwin both turned on the question whether a defendant, who had neither pleaded nor given notice of set-off, had a right to add the plea on the trial, and thus supply the place of a notice.   In that respect they differ from the one now before us.   Here there is a short plea of set-off on the record, and there was notice given in due time, which indicated with substantial precision the nature and amount of the defendant's set-off.   A total omission to give any notice whatever might, if unexplained, be regarded as evidence of an intention to delay. But this cannot be presumed where, as here, the defendant had given notice of everything but the mere formalities of his defence. Where this is the case, a defendant cannot be deprived of his rights upon the unfounded suspicion that he may make a bad use of them. The amendment in this case ought to have been allowed.   We see no other error.

Judgment reversed and *venire facias de novo* awarded.