# Jackson *v.* Jackson, Appellant.

*Divorce—Adultery—Jury trial—Recrimination—Amendment—Pleading.*

1. On a jury trial in a suit for divorce where the only issue framed is as to the adultery of the respondent, and recrimination is not set up in the answer, the trial judge commits no error in refusing to admit evidence of the libelant's adultery, and is guilty of no abuse of discretion, after the libelant has made out a prima facie case and closed, in refusing to permit an amendment to the answer by the addition of an averment of recrimination.

2. Recrimination is a substantive defense to an action in divorce for adultery, and the burden is on the respondent in such case to allege as well as to prove it.

3. The introduction by amendment of recrimination in a divorce case during the trial is not the correction of a mere informality, but the introduction of a new and substantial issue.   The allowance or denial of such an amendment is therefore not within the statute of amendment, but is governed by the discretion of the trial judge.

*Appeals—Assignments of error—Failure to accept—Points for charge—More than one subject.*

4. An assigment of error to a ruling refusing an amendment cannot be sustained where the record does not show that the ruling was excepted to.

5. Assignments of error to answers to points are insufficient if they do not include in them the ruling of the court and the exception thereto.

6. An assignment of error which contains more than one point or subject is bad.

7. An assignment of error to the decree of the court below is bad if it does not quote the decree.

*Divorce—Verdict—Effect of verdict—Equity.*

8. A verdict of the jury in a divorce case cannot be set aside by the trial judge in the way that a verdict in an equity suit may be set aside by the chancellor.   It is not intended to inform the conscience of the court, but has the same binding force as a verdict in a common-law action.

Submitted Oct. 20, 1911.   Appeal, No. 69, Oct. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 391, on verdict for plaintiff in case of George W. Jackson *v.* Clara W. Jackson.   Before

RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Libel for divorce.  Before BRÉGY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff.  Defendant appealed.

*Errors assigned* were in the following form:

1. The learned court erred in sustaining the objection of plaintiff's counsel to the following question to the plaintiff by defendant's counsel:

Mr. Hunn: While you were living with your wife you confessed that you had a venereal disease, and you showed her the evidences of it, did you not?  Objected to by Mr. Bauerle.  Objected sustained.  Exception for defendant.

2. The learned court erred in sustaining the objection of plaintiff's counsel to the following question to the plaintiff by defendant's counsel: "Q. You are afflicted with a venereal disease, are you not?"  Objected to by Mr. Bauerle.  Objection sustained.  Exception for defendant.

3. The learned court erred in sustaining the objection of plaintiff's counsel to the following question to the plaintiff by defendant's counsel: "Q. When you commenced this suit, May 25, 1909, were you then afflicted with a venereal disease that was the consequence of your committing adultery?"  Objected to by Mr. Bauerle.  Objection sustained. Exception for the defendant.

4. The learned court erred in sustaining the objection of plaintiff's counsel to the following question to the plaintiff by defendant's counsel: "Q. You went to Dr. Wiltbank, did you not, while living with your wife, to be treated for a venereal disease.  Is that so?"  Objected to by Mr. Bauerle.  Objection sustained.  Exception for defendant.

5. The learned court erred in ruling as follows:

I will rule according to the issues found in this case that the only question is as to the guilt of Mrs. Jackson:

that the guilt of the libelant or plaintiff, in the same way as it relates to the same party has nothing to do with it, and I will exclude it: and to that ruling, I will give the respondent an exception.

Mr. Hunn: Whether the guilt of the complainant was condoned or not?

The Court: Whether condoned or not?

Mr. Hunn: And your honor will allow that proposition to cover the time up to the beginning of this suit?

The Court: Yes; and give you an exception to the ruling.

The ruling is made because of the form of the issues in this case.

6. The learned court erred in refusing to permit defendant's counsel to amend the issues and the answer during the trial by adding the following issues, viz.:

Whether or not the plaintiff has been guilty of adultery at any time since he had sexual connection with his wife, and "whether or not the plaintiff has been guilty of adultery since the year 1902, and since he has had sexual connection with his wife," and adding the following to the answer:

"The defendant avers that the plaintiff has been guilty of adultery since she and he had sexual connection with each other."

7. The learned court erred in declining the first point of the defendant, viz.

"If the jury believe from the evidence that the plaintiff, George W. Jackson, has been guilty of adultery since he has had sexual connection with his wife, the verdict should be for the defendant."

8. The learned court erred in declining the second point of the defendant, viz.

"If the jury believe from the evidence that the plaintiff, George W. Jackson, has been guilty of adultery since the year 1902, and since he has had sexual connection with his wife, the verdict should be for the defendant."

9. The learned court erred in declining the third point of the defendant, viz.

"Even if the jury should believe the wife in this case to be guilty, the verdict should be for the defendant, if the husband had been equally guilty."

10. The learned court erred in entering judgment for plaintiff on the verdict of the jury.

*E. Hunn,* for appellant.—The action of divorce is essentially an action in equity and subject to the rules of equity: Palmer v. Harris, 60 Pa. 156; Toone v. Toone, 10 Phila. 174; Reynolds v. Boland, 202 Pa. 642; Perkins v. Perkins, 16 W. N. C. 48; Clayburgh v. Clayburgh, 15 W. N. C. 365; Melvin v. Melvin, 130 Pa. 6.

The answer may be amended so as to allege adultery of plaintiff discovered after the issues were joined if the defendant appears to have reasonable prospect of establishing it: Adams v. Adams, 20 N. H. 299; Strong v. Strong, 3 Rob. (N. Y.) 669.

*Albert T. Bauerle* and *William W. Porter,* for appellee.— Recrimination is a substantive defense to an action in divorce, and the burden is on the respondent in all cases to allege as well as to prove it. A verdict in divorce is different from a verdict in equity: Baker v. Williamson, 4 Pa. 456; Koecker v. Koecker, 7 Phila. 371; Carman v. Carman, 20 Pa. Dist. Rep. 1; Andrews v. Andrews, 5 S. & R. 374; McClurg's App., 66 Pa. 366; Fay v. Fay, 27 Pa. Superior Ct. 328; Elmes v. Elmes, 9 Pa. 166; Ristine v. Ristine, 4 Rawle, 460; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290.

The refusal or allowance of such amendments is a matter peculiarly within the discretion of the trial judge: Fay v. Fay, 27 Pa. Superior Ct. 328; Weimer v. Weimer, 1 Pearson, 539.

OPINION BY MORRISON, J., March 1, 1912:

This was a libel in divorce charging the respondent with adultery. In response to the charges contained in the libel the respondent filed her answer denying that she had

committed adultery and demanding a jury trial to try all the issues in the case, and she prayed the court to order an issue to be framed therefor; and that the issues to be tried be as follows, viz.:

"1. Hath the respondent, Clara W. Jackson, committed adultery at any time since the year one thousand nine hundred and two?

"2. Hath the respondent, Clara W. Jackson, committed adultery with one Melvin B. Smith at any time since the year one thousand nine hundred and two?"

The court below framed the issues as above stated, and the court further ordered that the said issues be tried by a jury. Counsel for both parties consented to the issues as framed by the court. When the case was reached for trial the libelant introduced sufficient evidence to carry the question of the adultery of the respondent to the jury and rested his case. The respondent's counsel then opened her case and called the libelant for cross-examination and undertook to prove that he had been guilty of adultery since he and the respondent had ceased to have sexual relations. This testimony was objected to because no such charge was set up in the answer and the issues framed for trial related solely to the question of the guilt of the respondent as charged in the libel. The learned trial judge rejected all offers on the part of the respondent to prove that the libelant had been guilty of adultery because no question of recrimination was admissible or relevant under the issues framed. Thereupon, counsel for respondent moved to amend the answer and the issues by adding the plea of recrimination. This amendment was not allowed by the trial judge, on objection by libelant's counsel. The record shows no exception taken to this ruling. Following the verdict, which was in favor of the libelant, the court below heard and dismissed the respondent's motion for a new trial and granted the libelant a decree in divorce in due form of law, from which the respondent took this appeal.

The burden of the respondent's complaint raised by the

assignments of error, is to the exclusion of evidence tending to establish the defense of recrimination, and the refusal to allow this defense to be brought into the issues by amendment, during the trial, and also to the refusal of an amendment of the answer at the same time. We are unable to see how the last two questions are properly raised, because the record does not show that the ruling of the court thereon was excepted to. In addition to this, in our opinion, the learned trial judge was not guilty of reversible error in excluding the evidence offered to prove recrimination and in refusing leave to the respondent to amend her answer in that respect. Recrimination is a substantive defense to an action in divorce for adultery, and the burden is on the respondent in such case to allege as well as to prove it. The Act of March 13, 1815, 6 Sm. L. 286, sec. 7; 1 Stewart's Purdon's Digest, 13th ed., p. 1246, par. 31, provides: "In any action or suit commenced in the said court for a divorce for the cause of adultery, if the defendant shall allege and prove that the plaintiff has been guilty of the like crime; . . . . it shall be a good defense and a perpetual bar against the same." It seems clear that a libelant is entitled to proper notice and opportunity to prepare for and meet any charge of recrimination in an action for divorce. On page 80 of Brown on Divorce, it is said: "Recrimination to be available must be pleaded and proved by the defendant. It should be alleged in the answer with all the particularity of an allegation in the bill. The countercharge must be established just as if it were an original charge. If there be no answer or plea and the bill be taken pro confesso, the defense cannot be made before the master." In Sturgeon on Divorce, p. 84, sec. 157, the author says: "Of the first (defense), that of recrimination, or charging the plaintiff with a like crime of adultery, the evidence necessary to prove the same, must have the same degree of certainty necessary to establish the existence of the fact against the respondent. But such defense is only pleadable where the cause of divorce alleged is adultery." In

2 Troubat & Haly's Practice, p. 574, it is said: "Condonation or recrimination must be specially pleaded by way of answer, and to this the libellant may file a replication, demanding an issue."

When the respondent offered to introduce evidence for the purpose of establishing the defense of recrimination (assignments of error Nos. 1, 2, 3, 4, 5) the evidence was inadmissible as the issues then stood. Recrimination was not alleged as a defense in the answer, nor stipulated as a question to be tried by the jury in the issues tendered by the respondent in her answer, and framed by the court, with the consent of both parties. These issues only raised, for trial, the question of the guilt or innocence of the respondent, and they must be tried according to the statute: Act of March 13, 1815, sec. 2, 6 Sm. L. 286.

We think the issues framed were the sole guide, both to the parties and to the court, in determining the nature of the controversy and the relevancy of the testimony to be received. When the defense of recrimination is not put in issue, testimony offered for its establishment is wholly irrelevant. The duty of the jury, in such case, is to render a verdict on the issues framed and submitted for trial. Each controverted fact should be found separately, and on these findings the court bases its decree.

We do not think the court erred in refusing the respondent's requests contained in her first, second and third points for charge (assignments of error 7, 8, 9). But in addition to want of merit in these assignments, they are defective in form, because of the failure of appellant to include in them the ruling of the court and the exception taken thereto by the respondent as required by our rules.

The learned counsel for appellant contends that a proceeding in divorce is in effect an equitable suit and he asks to invoke the equity doctrine that the plaintiff must come into court with clean hands to secure the aid of a chancellor. While a suit in divorce is, in some respects, similar to a suit in equity, in other important respects it is wholly different. In equity the chancellor may grant

an issue to try a disputed question of fact, or refuse it, in his discretion, and the chancellor who receives the verdict of the jury as an aid to his conscience, in determining the issues in dispute, may adopt the jury's verdict or reject it, and he may find otherwise. In divorce, however, by well-settled practice, either the libelant or the respondent may demand, as a matter of right, that any disputed fact shall be tried by a jury, and the verdict rendered cannot be rejected, except for reasons which satisfy the court in setting it aside, as in case of a verdict rendered in an ordinary trial at law. Where an appeal is taken from a decree entered pursuant to a verdict rendered in favor of the libelant, the Supreme Court will not review the testimony de novo, or reject the verdict on the ground that it is contrary to the weight of the testimony as viewed by the appellate court: Andrews v. Andrews, 5 S. & R. 374; McClurg's App., 66 Pa. 366; Fay v. Fay, 27 Pa. Superior Ct. 328; Elmes v. Elmes, 9 Pa. 166. We entertain no doubt that the court was right in rejecting the evidence offered for the purpose of showing recrimination, as the record stood at the trial.

This leaves remaining the question of whether the court erred in refusing to amend the issues and allow an amendment of the answer. Upon this question we think it was clearly within the discretion of the court to refuse the amendments after the libelant had made a prima facie case for the jury and rested. See Fay v. Fay, 27 Pa. Superior Ct. 328, which we think recognizes the discretion of the court in granting or refusing amendments, during the trial, in divorce cases. We there said, through President Judge RICE: "As we construe the record as it stood prior thereto the amendment did not introduce and compel the respondent to meet a new question which was not comprehended within the broader issue originally framed; nor did it make evidence for the libelant competent that would not have been so if the amendment had not been made." Under the rules governing amendments a cause of action different in form may be introduced, but not in

substance: Yost v. Eby, 23 Pa. 327. In Scott v. Kittanning Coal Co., 89 Pa. 231, the Supreme Court, through Mr. Justice TRUNKEY, said: "Whether to allow it was within the discretion of the court of common pleas. The case was not brought within the act of 1906 which permits a defendant to 'alter his plea or defense, on or before the trial of the cause.' The rights of defendants under that act are well stated by LEWIS, J., in Yost v. Eby, 23 Pa. 327." The introduction by amendment of recrimination in a divorce case during the trial is not the correction of a mere informality but the introduction of a new and substantial issue. The allowance or denial of such an amendment is, therefore, not within the act of 1806, but is governed by the discretion of the trial judge. In Weimer v. Weimer, 1 Pearson, 539, evidence of recrimination was offered and excluded by the trial judge on the ground that it had not been put in issue and that it constituted special matter of defense of which proper notice must previously have been given to opposing counsel. A new trial was refused, and the ruling of the trial judge sustained in an interesting opinion, which, though not controlling, is worthy of consideration.

We do not think there is any merit in the first five assignments of error. The sixth is bad and cannot be considered, because it plainly violates our rules, first, in that it is not based on an exception, and second, in that it contains more than one point or subject and violates our rule 14. As to assignments 7, 8, 9 and 10 we have already said enough, except to call attention to the fact that the first three of these assignments do not embrace the ruling of the court thereon and the tenth does not quote the decree of the court. There is introduced into the record, with leave of court, an assignment of error, No. 11½, to the decree of the court. Why the half is added to this number we do not know. The decree is in due form and in view of our disposition of the prior assignments this one is without merit.

In fact all of the assignments of error are founded on

the refusal of the trial judge to admit proof of adultery, by the libelant, on the record as it stood when a prima facie case had been made for libelant; and the refusal to allow the addition of a new issue and an amendment of the answer at the same time. It is urged that the respondent and her counsel had no knowledge of the facts relied upon to show adultery by the libelant prior to the trial. If the conduct of the libelant and his physical condition were such as was intimated by the defense attempted to be made at the trial, a very moderate amount of diligence on the part of the respondent and her counsel ought to have enabled them to have prepared an amended answer and asked leave to file it, and to add a new issue a reasonable time before the trial. If this had been done we cannot doubt that the court would have permitted the filing of such an answer, and on proper motion, would have framed an additional issue so that evidence of adultery, by libelant, would have been relevant and competent.

The decree cannot be reversed except on the ground of an abuse of discretion by the learned trial judge. That he was guilty of an abuse of discretion does not appear, but, on the contrary, we think, in view of the issues and the existing facts at the time of the motion made to amend the answer and frame a new issue, the trial judge properly refused the motion.

The assignments of error are all dismissed and the decree of the court below is affirmed, and the appeal dismissed at the cost of appellant.