## Gearing v. Gearing.

*Divorce—Residence of libellant—Naval officer—Change of residence.*

1. An officer of the United States Navy who has established a residence in one state is not precluded from subsequently acquiring a residence in another state.

*Divorce—Indignities to the person—Course of conduct.*

2. A verdict in favor of libellant, a naval officer, will be sustained where the evidence shows that respondent called libellant vile names in the presence of others; falsely charged him to his superior officers with being a drug addict, thus endangering his position; made remarks reflecting upon the United States and his brother officers; frequently assaulted him; threatened his life; and on account of her conduct was ordered from the station where he was serving.

3. The jury does not in such case have to find that the accusations made by respondent were made with the intention of burdening libellant's life.

*Divorce—Recrimination—Answer.*

4. The defence of recrimination in a divorce case must be set up in the answer and included in the issues for determination by the jury.

*Divorce—Domicile—Jurisdiction—Question for court.*

5. The question of jurisdiction in divorce cases is primarily one for the court.

Rule for new trial and motion for judgment *n. o. v.*  C. P. No. 5, Phila. Co., Sept. T., 1924, No. 341.

*J. N. Ewing*, for libellant; *E. Merchant*, for respondent.

MARTIN, P. J., June 15, 1926.—The libel in this case charged cruel and barbarous treatment and indignities to the person of the husband, who was an officer in the United States Navy.

The issues framed by counsel, approved by the court and submitted to the jury, were:

1. "Did the respondent, by cruel and barbarous treatment, endanger the life of Henry C. Gearing, Jr., the libellant?"

As to this issue the verdict was "No."

2. "Did the respondent, in violation of her marriage vows and the laws of this Commonwealth, offer such indignities to the libellant as to render his condition intolerable and his life burdensome?"

As to this issue the verdict was "Yes."

Respondent filed a motion to dismiss the libel for want of jurisdiction; moved for the entry of judgment in her favor *non obstante veredicto;* and took a rule for a new trial.

In support of the motion to dismiss the libel for want of jurisdiction, reliance was placed upon the decision of the Pennsylvania Superior Court in a case between the same parties instituted in the Court of Common Pleas of Allegheny County in 1921, reported in 83 Pa. Superior Ct. 423, in which it was held that the libellant had not proved that he resided in Allegheny County for one year prior to the filing of the libel, his last actual residence having been in California. The case did not decide that a man in the navy may have no actual residence other than that from which he entered the navy. The laws in their operation are not restricted to individuals other than officers in the United States Navy. If the libellant had a residence in California in 1921, he was not precluded from acquiring a residence elsewhere in 1924. He testified that he came to Philadelphia on Jan. 3, 1922, with the intention of making it his permanent home, and that he has resided here since that time, except for short periods when on duty at sea, and that he still resides in the County of Philadelphia. There was corroborating testimony in support of this averment, and no proof to the contrary. The evi-

Gearing *v.* Gearing.

dence established that Philadelphia County was the residence of libellant for more than a year prior to filing his libel on Aug. 15, 1924.

In the course of the trial there was evidence that the respondent called libellant vile names in the presence of others, and frequently when they were alone; that she talked in a derogatory way of libellant's fellow-officers, made remarks reflecting upon the United States, and indicative of sympathy for and association with Bolsheviks; that she charged libellant with being a drug addict and made those charges to others, including his superior officers, endangering his official position; that she made similar charges to a postmaster in California, which resulted in a report to the libellant's superior officer; and that she made similar charges to a civil prosecuting officer. Libellant testified that she frequently assaulted him, threatened his life and threatened to blow up Torpedo Island, where he was stationed at the time; and that she created a false impression that libellant abused and insulted her, for the purpose of injuriously affecting his standing in the community and with his fellow-officers in the navy. Her conduct was apparently intended to humiliate and embarrass him, and the indignities to which he was subjected were of a character to render libellant's condition intolerable and his life burdensome; and her reflections on the naval service, on the wives of officers and her views of the marriage relation, her disrespect for and treatment of libellant's mother and family, her failure to play her part in the social life of her husband, calling him a cur and other names, the fact that she was ordered from the station by the commanding officer owing to her conduct, where her husband was serving, and her report to the owners of the vessel with which one under command of libellant had collided, that the libellant was full of dope at the time, fully warranted the testimony of libellant that her conduct was disagreeable, embarrassing, a great shock to him; and that she made things so disagreeable he could not stay in the house, and that conditions were so unbearable that he asked for the command of a ship to get away from her, that her conduct was a sort of public scandal; and her accusations that he was a drug addict forced him to go to a government hospital to be subjected to observation.

In support of the rule for a new trial, it was argued on behalf of respondent, that the verdict was against the law, the evidence, the weight of the evidence, and that the court erred in refusing the 2nd, 4th, 5th, 6th, 7th, 8th and 9th points submitted by the respondent for charge.

The testimony of the libellant as to cruelty and indignities was denied by the respondent. The weight of the evidence clearly was with the libellant. The issue was fairly submitted to the jury. The verdict in favor of libellant was not against the law, the evidence or the weight of the evidence.

The second point submitted for charge by respondent, "If the accusations or derogatory remarks as to her husband's character, alleged to have been made by the respondent, are believed by the jury to be true, then you must be convinced by the weight of the evidence that she made these accusations or remarks in bad faith and with malice," was refused. It failed to state any proposition of law to be affirmed, and in that respect is incomplete; but it also failed to suggest the conclusion to be reached by the jury if convinced of the truth of the accusations.

The 4th point: "If you find from all the facts, and there has been no evidence before you showing any ill-effects which the alleged indignities had on the libellant, then the court charges you that you find for the respondent. The court further charges you that no evidence has been produced to indicate any effects which would make life burdensome and intolerable on [to]

the respondent [libellant]." This point was refused. To have charged as requested would have withdrawn the consideration of the issue from the jury, notwithstanding the evidence of conduct on the part of respondent calculated to render the life of an ordinary man burdensome and intolerable, but aggravated in the case of this libellant by his employment in the navy and their life in naval stations where knowledge of her conduct was known to his fellow-officers and the members of their families.

The 5th point: "If you believe that the respondent made certain accusations against the libellant as alleged by the libellant, then you must be satisfied by the weight of the evidence that she made them with the intention of burdening his life." Under our laws, the question is whether the acts of the respondent had the effect of making life burdensome. To affirm this point would require libellant to prove that respondent had a specific intent that her conduct should have this effect.

The 6th point: "If you believe that the libellant had inflicted upon his wife such injuries as would be ground for divorce against him were she to apply for one on the ground of cruel and barbarous treatment and indignities to her person, then the court charges you that in this case you must find for the respondent." This point was properly refused. The issue tried by the jury was whether the respondent had been guilty of cruelty or indignities. The defence of recrimination was not a proper one in this case under the pleadings and issues. The law of recrimination is stated in 7 Corpus Juris, 116: "As a general rule, recrimination, to be available as a defence, must be set up in the answer. The misconduct must be set up in the answer with the same particularity as to time, place and circumstance as is required in a complaint for divorce on the same ground." In Jackson v. Jackson, 49 Pa. Superior Ct. 18-24, it was held in effect that recrimination, to be available as a defence in divorce, should be alleged in the answer and included in the issues submitted for determination by the jury, citing with approval, Weimer v. Weimer, 1 Pearson, 539. The recrimination in those cases was adultery, which is specifically mentioned as a defence in our divorce laws; but recrimination is a defence charging misconduct upon the part of the libellant, and he should have notice by the pleadings of the charges he is to meet at the trial.

The 7th point: "Under the law of the State of Pennsylvania, our courts have no jurisdiction in a divorce case, unless the libellant has resided in the state one year with an actual intent to make this his home. Then his intent is called domiciliary intent and it must be accompanied by actual residence herein for this period. Domiciliary intent is shown by actions amounting to an abandonment of any former home and that [abandonment] the libellant must have coupled with an intention to permanently reside here and make this his home. There is no such thing under the law of our state in a divorce case as constructive residence. It must be actual, that is, an intent to make this his real and actual home. Therefore, if you find under the evidence that the libellant had no actual intention of making Philadelphia his permanent home, but merely lived or resided here by reason of his connection with the navy, and that [if] you also find that he did not reside here for one full year prior to the filing of his libel in divorce and that he did not reside here for a period of one year, [that] it was without intent and the only purpose for doing that was to establish a constructive or legal residence for the purpose of this suit, then the court charges you that you must find for the respondent."

This point was properly refused, for the reason that the question of jurisdiction is primarily one for the court, and where, as here, the testimony of the libellant as to actual residence and intention to permanently reside here was

Gearing v. Gearing.

undisputed, it would have been improper to submit this as a question of fact to be determined by the jury. "The question of jurisdiction is to be decided by the court, although where it is dependent upon questions of fact, the jury may, subject to the direction of the court as to matters of law, affirm or deny jurisdiction by a general verdict:" 15 Corpus Juris, 851.

The 8th point: "Under all the evidence, your verdict should be for the respondent," was properly refused. If respondent were entitled to this charge, the court would be required to enter judgment *non obstante veredicto*. The reasons assigned for refusing that motion justified the refusal of this point at the trial.

The 9th point: "If you believe the testimony of the defendant, Mrs. Gearing, as to the acts of cruelty and indignities suffered by her at the hands of her husband to be such as would be proper grounds for divorce by her, and her testimony in this respect has not been denied by him, then your verdict must be for the defendant."

This point was properly refused for the reasons assigned in the disposition of the 6th point for charge. The husband's conduct was not in issue under the pleadings or issue as framed by the parties. The questions submitted to the jury, and the only questions involved in this case, were whether the respondent had been guilty of cruelty or indignities.

The 5th, 6th and 7th reasons assigned in support of the rule for a new trial are directed to the charge of the court. A reading of the charge fails to indicate that it was unfair or that it did not adequately present to the jury respondent's contentions and her defence to the action.

And now, to wit, June 15, 1926, the motion to dismiss the libel for want of jurisdiction is overruled. The motion of the respondent for judgment *non obstante veredicto* is refused, and the rule for a new trial is discharged.

An exception is hereby noted for the respondent.