## Wingate v. Wingate

*E. LeRoy Van Roden*, for libellant.

MACDADE, J., February 13, 1936.—An examination of the record, including the pleadings, in this cause discloses a factual situation which should be improved upon; namely, that the libel or complaint fails to set forth any averment respecting the ages of the respective parties. While the testimony divulges the ages, yet the same is not in support of any averment in the said libel: "probata" without the "allegata". Both must be concurrent. Rule 79 of our common pleas court states the libel shall succinctly set forth the following matter: "1. The names of the parties and their respective ages."

The rules of court should be consulted as to the requirements of the libel: Edwards on Divorce, 51; Baylis v. Baylis, 16 Dist. R. 283. One should carefully ascertain the facts and aver them as he expects to be able to prove them: Scheffey v. Scheffey, 4 D. & C. 716; Edwards on Divorce, 54. A divorce action is statutory and the statutes must be strictly complied with; however, it is in our discretion to permit an amendment: Jackson v. Jackson, 49 Pa. Superior Ct. 18; Fay v. Fay, 27 Pa. Superior Ct. 328. We shall permit the libel to be amended in the above respect, for a libel may be amended even to supply a fatal defect: Maynard v. Maynard, 18 Dist. R. 410.

### Order

And, now, February 13, 1936, the above matter of a final rule in divorce a vinculo matrimonii coming on to be heard, after due consideration thereof, the said rule is hereby made absolute, but the entering of a final decree in divorce in pursuance to said rule is hereby held in abeyance until the amendment to the libel or complaint shall be allowed by this court upon proper motion therefor sec. reg. et sec. leg.