## Evangelist v. Evangelist

*Charles V. Ross*, for libellant.

BRAHAM, P. J., July 30, 1947.—Rose P. Evangelist, plaintiff, has brought suit for divorce against Peter Evangelist, defendant, on the ground of indignities to

the person. A proper case for divorce on the ground of indignities is made out if plaintiff has satisfied the statutory requirement regarding residence within the Commonwealth.

Section 16 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §16, provides:

"No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel. The libellant shall be a competent witness to prove his or her residence."

Plaintiff and defendant were married in New Castle, Pa., on July 3, 1943. They lived together for a few months at the home of plaintiff's sister at 801 Pollock Avenue in New Castle. On December 18, 1943, defendant left plaintiff. Plaintiff had him arrested on a charge of desertion and nonsupport and an order was made against him. After the order was made defendant went to live at 1440 South Avenue, Youngstown, Ohio, and plaintiff at her mother's home in McKeesport, Pa. Defendant complied with the order one month and then he asked his wife to give him another chance; whereupon she left McKeesport and went to live with him in Youngstown, Ohio. She lived with him there a week; then she went with her husband to New Castle and withdrew the charges of desertion and nonsupport. The parties returned to Youngstown where they lived together for two more weeks. At the end of this time plaintiff left defendant and returned to New Castle to live. After filing her suit for divorce plaintiff returned to McKeesport where she has since resided.

Can it be said that libellant had been a "bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of her libel"? " 'Residence' within the meaning of the statute means 'a permanent' one with domiciliary intent": Huston v. Hus-

ton, 130 Pa. Superior Ct. 501, 508. Domicile is a matter of intention; residence a matter of fact: Lyon v. Lyon, 13 Dist. R. 623, 624. The law is summed up by the late President Judge Keller in Gearing, Jr., v. Gearing, 83 Pa. Superior Ct. 423, 424:

"Our decisions hold that the residence contemplated by our statutes relating to divorce is a permanent one with domiciliary intent; a temporary residence without intention to establish a domicile is not enough. But, on the other hand, a domiciliary intent not accompanied by actual bona fide residence within the Commonwealth for a year cannot give jurisdiction to our courts."

When we apply these principles to the present case it appears that Mrs. Evangelist was domiciled with her mother in McKeesport, Pa., after defendant's desertion and her return to her old home. From there she went to Ohio and for three weeks lived with him there. This is the crucial fact in the case. Did she, as her counsel argues, go to Ohio merely on a visit? The evidence does not so indicate. She went there upon her husband's offer of reconciliation to live with him. Apparently there was a trial week. Then she came to New Castle and withdrew her charge of desertion. This was done for only one reason, because she believed reconciliation had been effected. The intent and the fact correspond; she was physically living with her husband in Ohio and she did this hoping and intending to live with him permanently. It would be a reflection upon plaintiff's sincerity to construe this evidence otherwise.

Counsel argues for a continuation of plaintiff's original domicile, citing Alburger v. Alburger, 138 Pa. Superior Ct. 339, 343, and Commonwealth ex rel. Saunders v. Saunders, 155 Pa. Superior Ct. 393, 396. Certainly, however, the domicile of a married woman who is living with her husband is presumed to be the same as his domicile. Section 27 of A. L. I. Restatement of Conflict of Laws puts the rule thus: "Except as stated

in §28, a wife has the same domicil as that of her husband". Section 28 provides: "If a wife lives apart from her husband without being guilty of desertion according to the law of the state which was their domicil at the time of separation, she can have a separate domicil". Thus plaintiff's contention fails on two grounds: first, by returning to live with her husband she resumed her domicile with him; second, even if her domicile remained in Pennsylvania while she lived in Ohio she was lacking an actual bona fide residence within the State for about three weeks of the required year.

Plaintiff's counsel argues further that plaintiff was deceived into going to Ohio. The only evidence on this point is a statement attributed to defendant to the effect that he had her come to Ohio only to get rid of the court order of support. Counsel speaks of the whole three weeks as a "trial experiment". Here we encounter one of the limitations of the law. It cannot be everything to all people, rather seeks to lay down general principles to apply to all. The presumption of a common domicile, if even for a brief period, is not to be rebutted by this type of evidence. It would open the door to greater frauds were the law to encourage secret reservations between an apparently reconciled couple. The question of the husband's bad faith might be important on the merits but is not on the question of jurisdiction.

In short, it is our opinion that where, during the three weeks of the year before the filing of her libel, a wife had been living with her husband outside the Commonwealth in the hope of effecting a permanent reconciliation with him, the courts of this Commonwealth do not have jurisdiction. Entertaining these views we make the following

### Order

Now, July 30, 1947, the libel in divorce filed in this case is dismissed at the cost of plaintiff.