# Dulin, Appellant, *v.* Dulin.

*Divorce—Domicile—Residence—Intention.*

On a libel for divorce it must affirmatively appear that there has been a clear intention on the part of the libelant to abandon a former residence, and to make this state a permanent one with domiciliary intent, coupled with an actual bona fide residence for one year within the commonwealth previous to the filing of the petition or libel. Each requirement is essential and all must combine to warrant the courts in making a decree in divorce.

Argued Dec. 12, 1906. Appeal, No. 241, Oct. T., 1906, by plaintiff, from decree of C. P. No. 5, Phila. Co., Sept. T., 1906, No. 207, dismissing libel in divorce in case of Albert Samuel Dulin v. Emmer Peculiar Dulin. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Libel in divorce.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the libel.

*L. Stauffer Oliver*, with him *Warren F. Martin*, for appellant. —Bona fide residence for one year is sufficient: Lyon v. Lyon, 30 Pa. C. C. Rep. 342; Bigger v. Bigger, 28 Pa. C. C. Rep. 448 ; Whitney v. Whitney, 31 Pa. C. C. Rep. 444 ; Raymond v. Raymond, 14 Pa. Dist. Rep. 309 ; Reed v. Reed, 30 Pa. Superior Ct. 229 ; Hindman's App., 85 Pa. 466 ; Guier v. O'Daniel, 1 Binney, 349 ; Price v. Price, 156 Pa. 617.

No appearance nor printed brief filed for appellee.

OPINION BY ORLADY, J., February 25, 1907 :

The libelant and respondent were married in 1889 in Colorado of which state they were then residents. Within one year thereafter they removed to Washington, D. C., where they lived for some months and then returned to Colorado, in which state they remained until 1893. The next change was to Pennsylvania in 1895 for a stay until some time after 1896, when they moved to New Jersey, and then to Washington,

D. C., where they resided until 1905. In May of that year a business opening induced the libelant to remove to Philadelphia and the wife refused to accompany him. The only evidence on the subject of his residence in this jurisdiction is as follows : " Q. Where do you live ?   A. No. 820 North 63d St., Philadelphia.   Q. How long have you resided in the state of Pennsylvania ?   A. Since last May the 20th a year ago (1905)." The libel in divorce was filed August 13, 1906, and served August 14, 1906.   After reference to a master and the taking of testimony, the libel was dismissed for the reason that the court was not satisfied that the libelant became bona fide a citizen of this commonwealth.

The libelant has been engaged in newspaper, political and philosophical work as writer and lecturer, and has evidently changed his residence a number of times in response to the variable demands of his professional labors.   Assuming that he has brought himself within the strict letter of our law, in having been in our state for a period of one whole year previous to the filing of the petition for divorce, there is no suggestion even of any domiciliary intent or of his abandonment of a former domicile. It is not the policy of our laws to make this state a transitory resting place to secure the annulment of a contract of marriage. Our statutes and decisions require that it must affirmatively appear that there has been a clear intention to abandon a former residence, and to make this state a permanent one with domiciliary intent, coupled with an actual bona fide residence for one year within this commonwealth previous to the filing of the petition or libel.   Each requirement is essential, and all must combine to warrant our courts in making a decree in divorce : Reed v. Reed, 30 Pa. Superior Ct. 229.   The testimony in this case fully justified the conclusion of the court on this phase of the case, so that it is not necessary to inquire into the causes alleged for the divorce.

The decree is affirmed.