# Heath, Appellant, v. Heath.

*Divorce—Indignities to the person—Evidence.*

1. A divorce will not be granted to a wife on the ground of indignities to her person where the only evidence on the subject is that given by one witness, whose testimony shows that what she said was from hearsay, and largely from statements made to her by the libelant herself.

*Divorce—Residence—Jurisdiction—Act of March 13, 1815, 6 Sm. L. 286.*

2. The intention of the Act of March 13, 1815, 6 Sm. L. 286, was that the libelant must reside in the state at the time the libel was presented, and must have so resided for at least one whole year immediately before such filing.

3. Where a libelant in divorce comes into this state and files her libel, averring that she is a citizen of Pennsylvania, the burden is upon her to show that her place of residence was within the commonwealth at the time she filed her libel and during the entire year immediately preceding. Proof that she had lived within the commonwealth for a period of eight years is insufficient, if it is not shown that the eight years included the year immediately preceding the filing of the libel.

Argued Dec. 7, 1909. Appeal, No. 94, Oct. T., 1909, by plaintiff, from order of C. P. Montgomery Co., Dec. Term, 1907, No. 28, refusing divorce in case of Marie A. Heath v. Willis H. Heath. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Libel for divorce. Before Weand, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing the libel.

*Samuel H. High,* with him *John Faber Miller,* for appellant, cited: Dorsey v. Dorsey, 7 Watts, 349; Lyons v. Lyons, 13 Pa. Dist. Rep. 623; Hull v. Hull, 8 Pa. Dist. Rep. 420.

There was no appearance nor printed brief for appellee.

Opinion by Porter, J., October 10, 1910:

The grounds for a divorce averred in the libel were willful and malicious desertion and such indignities to the person of libelant as to render her condition intolerable and life burdensome, thereby forcing her to withdraw from the house and family of respondent. The subpœna was not served upon the respondent, no rule to take depositions was served upon him, and he did not appear and defend. The court below appointed a master who returned to the court, in writing, the testimony taken before him, with his report thereon, recommending that the

court grant the decree of divorce. The court below after a hearing refused to grant the divorce and dismissed the libel at cost of the libelant. The libelant appeals.

The parties were married at Newark in the state of New Jersey on April 4, 1889. The libelant had prior to that time been a citizen and resident of the state of New Jersey and the respondent a citizen and resident of the state of New York. After the marriage the parties lived together in the city of Brooklyn, New York, which thus became their common domicile. They separated after a few months of married life and, so far as revealed by the meagre evidence in this case, have not since cohabited. The appellant filed her libel in the court below, on October 30, 1907, averring that she was a citizen of Pennsylvania and had resided therein for one whole year previous to the filing of her libel. The evidence established that the respondent had never been a resident of Pennsylvania, and so far as disclosed he has never come within the limits of this commonwealth, but he is still a citizen of and resides in the state of New York. The learned counsel representing appellant have submitted a very interesting brief of argument, in support of their contention that the courts of Pennsylvania have jurisdiction to decree a divorce for a cause which occurred outside of the state, where the party seeking the divorce has subsequently become a resident of Pennsylvania, although the respondent has never come within this state and has not been legally served with process in the proceeding. Whether the courts of Pennsylvania have jurisdiction to decree a divorce for such a cause, occurring outside of the state, when the parties were not citizens or residents of this commonwealth, when the injured party subsequently becomes a resident of Pennsylvania, but the respondent never comes within the borders of the commonwealth and is not legally served with process; may be a very interesting question, upon which the provisions of the Act of April 28, 1903, sec. 1, P. L. 326 certainly have a very direct bearing, but the evidence here presented does not warrant

the consideration of that question in this case. The plaintiff called but a single witness to testify as to the marital wrongs alleged in her libel. That witness was a resident of Newark, N. J., who occasionally visited the domicile of the libelant and respondent in the city of Brooklyn, N. Y. Her testimony as to indignities offered to the person of the libelant is wholly insufficient to warrant any court in decreeing a divorce of parties over whom its jurisdiction is free from doubt. This witness saw the parties only during her brief visits to their boarding house. While the reading of certain parts of her testimony alone, might give the impression that she was testifying as to facts of which she had personal knowledge, a careful consideration of her entire testimony can lead only to the conclusion that it is founded very largely upon hearsay, and it is impossible to determine what material parts of it are founded upon personal knowledge and what upon hearsay. Near the close of her testimony we find this significant statement. "I was deeply interested in the matter because I felt, in some measure, responsible for his acquaintance, and the intimacy between Mrs. Heath and myself accounts for my visit and when I saw the way matters were I took him to task about it and obtained from him the information I have given." Her testimony contains this significant statement, which conclusively shows that she did not from personal observation know anything about the circumstances under which the parties finally separated: "Mrs. Heath believed that her husband had deserted her because he told her in my presence that if she did not leave he would and when I saw her, after she came from Brooklyn to Newark, she told me that he had left her." This witness was not even in the same state where the parties were domiciled at the time they finally separated. All that she knows about when they separated, where they separated and the terms upon which they separated is what this libelant told her some time after the separation had occurred. The testimony of this witness was all that was offered in support of the charge of a willful and

malicious desertion of the libelant by the respondent. The courts would certainly not be justified in inferring, from testimony of this character, that a separation involved a willful and malicious desertion of one of the parties by the other, and upon such ground decreeing a dissolution of the marriage relation. The evidence failed to establish the right of the libelant to a decree of divorce upon the grounds averred in her libel, and for that reason the court below was justified in refusing to so decree.

The foundation of the jurisdiction in divorce proceedings is, mainly, the Act of March 13, 1815, 6 Sm. L. 286. Section 11 of that statute provided that the benefit of the legislation should be denied a libelant "who is not a citizen of this state, and who has not resided therein at least one whole year previous to the filing of his or her petition or libel." Under that statute a libelant must be both a citizen and resident of the state. Even if it be assumed that this rule has by subsequent statutes been so modified as to confer jurisdiction upon the courts to grant relief to a libelant who, while not technically a citizen of the state, has actually resided within the state one whole year previous to the filing of his or her petition or libel, the burden is still upon the libelant to prove the jurisdictional fact of residence. Section 2 of the act of March 13, 1815, requires that the libel be exhibited "to the judges of the court of common pleas of the proper county where the injured party resides." There can be no question as to the time when this jurisdictional fact of residence is to be determined; the party must reside within the county at the time the libel is presented, when he or she seeks to obtain a divorce from a respondent who has no residence within this commonwealth. Sections 2 and 11 of this statute, both of which deal with the fact of residence as related to jurisdiction, must be so construed as to bring them into harmony. The manifest intention of the legislature was that the libelant must reside in the state at the time the libel is presented and must have so resided for at least one whole year immediately before such filing.

A mere temporary absence during the year, when the permanent bona fide residence within the state remained unchanged, would not defeat the right, but the period of such bona fide residence within the state must include the time of the filing of the libel and the whole of the previous year. When a party is technically a citizen of the state and is absent for a cause and under circumstances which do not involve a loss of such citizenship an entirely different question is presented, which in this case it is not necessary to consider. The burden was upon this libelant to show that her place of residence was within the commonwealth at the time she filed her libel and during the entire year immediately preceding. The libelant was not herself a competent witness to prove this fact, for there had been no personal service of the subpœna upon the respondent nor had he been served with a rule to take depositions, Act of May 23, 1887, P. L. 158. Her testimony upon this point must, therefore, be disregarded. The only competent evidence as to the residence of the libelant was that of Mrs. Ella Fisher, which was in these words, "I now live in Whitpain township, Montgomery county, Pennsylvania, I have lived there two years, prior to that I lived in Plymouth township. I know the libelant and she had made her home with me for the period of eight years. I never knew Mr. Heath and I never saw him." The witness testified that the libelant had lived with her for eight years, but she does not say what eight years. The language clearly implies that the period had terminated at some time in the past, and would seem to imply that it was during the residence of the witness in Plymouth township, which had terminated two years prior to the time she testified, which was on July 21, 1908. Two years prior to that date would be July, 1906, or almost a year and a half before the libel was filed. The evidence did not satisfactorily establish the residence of the libelant.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.