## Harrison *v.* Harrison, Appellant.

*Divorce—Residence—Evidence—Act of March 3, 1815, 1 Sm. L. 286.*

A libellant in divorce cannot establish the fact of a legal residence in Pennsylvania, by proof that he rented a room in a rooming house in Philadelphia for the sum of fifteen dollars a month, that he spent on an average at least two nights a week at the house during the year, that he did not pay tax or vote anywhere, that he had no business of any kind in Pennsylvania, that his only property in this State were the personal belongings that were temporarily left at his rooming house, and that all his relatives lived in New Jersey where he had formerly lived, and from which he made no suggestion of moving, and of taking up Pennsylvania as his permanent residence.

Argued Dec. 10, 1917. Appeal, No. 326, Oct. T., 1917, by defendant, from decree of C. P. No. 5, Philadelphia Co., June T., 1916, No. 2409, awarding divorce in case of Charles W. Harrison v. Clara G. Harrison. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Reversed.

Libel for divorce.

The case turned upon the question of the libellant's legal residence in Pennsylvania. The evidence is summarized in the opinion of the Superior Court.

*Error assigned* was decree awarding divorce.

*Albert T. Bauerle,* for appellant, cited: Hunnings v. Hunnings, 55 Pa. Superior Ct. 261; Hamilton v. Hamilton, 62 Pa. Superior Ct. 373; Lyon v. Lyon, 30 Pa. C. C. R. 342.

*Bernard A. Illoway,* with him *Harry Felix,* for appellee.

OPINION BY ORLADY, P. J., July 10, 1918:

The testimony in this case is presented in 500 pages

of printed matter, and the report of the master covers fifty-eight pages with his recommendation to the court that a decree of divorce be granted, which was approved and a final decree entered without any opinion being filed.

We have carefully examined the record. The question of the jurisdiction of the court being directly raised, through the allegations that the libellant was not a resident of Pennsylvania, and the testimony was so clear on this subject, that it is not necessary to consider the other phases of the case.

The parties were married in 1901, at Jersey City, in the State of New Jersey, of which state both had been for many years permanent residents. They lived there together as husband and wife for a number of years, when after certain differences, the husband, who is thirty-eight years of age, rented a room in a rooming house in Philadelphia, in April, 1915, for the sum of $15 a month, which was later reduced to $12. The libel was filed July 7, 1916. The libellant is a professional singer and concert worker. The proprietress of the rooming house, who testified in his behalf, stated, that he spent on an average at least two nights a week at her house during all the time he had been there, sometimes more frequently, and at other times less frequently. His professional engagements were with the Carlowitz Company of New York, and the Victor Company, Camden, N. J., with whom he had been under contract for a number of years, he also had engagements to sing at churches, etc., in the district around Jersey City and New York. He does not pay tax or vote anywhere, his relatives all live in New Jersey, he has no business of any kind in Pennsylvania, and his only property in this State is the personal belongings that are temporarily left at his rooming house. Nor is there any suggestion of his purpose to make Pennsylvania his permanent residence,

or of abandoning his former domicile in New Jersey: Dulin v. Dulin, 33 Pa. Superior Ct. 4.

Under the Act of March 13, 1815, 1 Sm. L. 286, the libellant must be both a citizen and a resident. The manifest intention of the legislature was that the libellant must reside in the State at the time the libel is presented, and must have so resided for at least one whole year immediately before such filing. A mere temporary absence during the year, when the permanent bona fide residence within the State remained unchanged, would not defeat the right, but the period of such bona fide residence within the State must include the time of filing of the libel and the whole of the previous year: Heath v. Heath, 44 Pa. Superior Ct. 118. This libellant, on his own showing, never was a bona fide resident of this State, and never had a bona fide domicile here.

It may be, as suggested by the master, "It is quite conceivable that the libellant, because of his vocation, will be unable to obtain a continuous residence in any jurisdiction," but this does not relieve him from establishing a permanent residence in the State when he invokes our laws to secure a divorce. Under the facts as he presents them, with but two-sevenths of his time spent in this State, he cannot be said to have a bona fide residence here. His irregular occasional and temporary stay in the Philadelphia boarding house shows the lack of all the essential elements in establishing a true, fixed, permanent residence. The necessity for proof of such a residence is vital, and utterly fails in this case.

The decree by the court below is reversed, the costs to be paid by the libellant.