Morgan, Appellant, *v.* Morgan.

Argued October 15, 1928.

Be-
fore HENDERSON, TREXLER, KELLER, LINN, GAWTHROP
and CUNNINGHAM, JJ.

*Frederick A. Sobernheimer,* for appellant.—In an
uncontested case where libellant was a resident in
Pennsylvania for one year previous to the filing of the
libel, registered there for the purpose of voting and
voted there and did not maintain a residence in any
other place, it was error for the court to dismiss the
libel for want of jurisdiction on the ground that
residence in this state was not established: Reed
v. Reed, 30 Pa. Superior Ct. 229; Harrison v. Harrison,
69 Pa. Superior Ct. 580; Price v. Price, 156 Pa. 617;
Hedderson v. Hedderson, 35 Pa. Superior Ct. 629;
Miner on Conflict of Laws, p. 199, Sec. 90.

No book or appearance for appellee.

OPINION BY CUNNINGHAM, J., January 25, 1929:
Appellant's libel for a divorce upon the ground of
desertion was, upon the recommendation of the

master and after a review of the record by the court below, dismissed for lack of jurisdiction. Libellant, formerly a citizen and resident of the State of New York, came to Philadelphia on January 1, 1926, and filed his libel January 3, 1927. The proceeding was uncontested but the master and the court below held that the testimony in behalf of the libellant failed to show that he had been a bona fide citizen and resident, with domiciliary intent, of this state during the year previous to the filing of his libel. After an examination and consideration of the whole record, as required of us (Nacrelli's Case, 87 Pa. Superior Ct. 162; 288 Pa. 1,) we have reached the same conclusion upon this branch of the case.

The parties were married at Everett, Mass., on December 27, 1917, at which time libellant was a resident of Seneca Falls, N. Y., and respondent of Everett; they resided at Everett for a few months and then moved to Syracuse, N. Y., where they lived together until about October 1, 1919; they have one child, a daughter, born April 25, 1919, now residing with respondent in California. The separation occurred at Syracuse in October, 1919, and we agree with the master that the testimony relative thereto seems to indicate a consentable separation rather than a willful and malicious desertion by respondent, but, as the court below based its decree entirely upon the question of residence, we shall confine our consideration to that matter and express no opinion upon the merits.

Libellant has been for many years a traveling salesman for the Lockport Felt Company, Newfane, N. Y., and at the time of his marriage had what he describes as the New England territory. At the time of the hearing he was sixty-seven years of age and the respondent forty-seven. Shortly after the separation, respondent, who has always had the custody of their

child, went to live with a relative in Berkeley, California, and was residing there at the time of the hearing, notice of which was given her by registered mail. Libellant's contention is that having been assigned a different territory, comprising Pennsylvania, Delaware, Maryland, Virginia, West Virginia, New Jersey and New York, he decided to change his residence to Philadelphia because it was centrally located for his new territory. His evidence, corroborated by that of two witnesses, indicates that he rented a room at No. 244 S. St. Bernard St., Philadelphia, the first of January, 1926, and moved to another room at No. 246 on the same street in July of that year; that he has kept his room in the respective houses continuously but did not board at either of them; and that he is absent from the city upon business about one-half of the time. He registered as a voter for the primary and November elections in 1927; his bank account is kept in Syracuse, N. Y. He denied that he came into this state merely for the purpose of getting a divorce and averred that he came here because his "business was centered here." If this were all that appeared upon this branch of the case, it might be quite possible to distinguish it from Harrison v. Harrison, 69 Pa. Superior Ct. 580, in which the facts closely resemble those here present, but there are other material facts which throw a strong light on libellant's motives. Accepting the above facts at their face value the court below, in dismissing the exceptions to the master's report, said: "The master was justified in determining that this libellant did not come to Pennsylvania in good faith, but for the sole purpose of technically establishing a residence, and omitted none of the minor details in doing so, that he might create a color or right to a legal residence that would entitle him to the benefits of our divorce laws and freedom from his marital obligations."

Upon a careful reading of the libellant's testimony, we find ourselves in accord with this inference. It is impossible to escape the conclusion that he was evasive and utterly lacking in frankness and that, if circumstances had not made it impossible, he would have concealed material facts from the master and the court below. While under examination by the master at the first hearing, libellant denied that he had made any other application for divorce anywhere, and denied that his wife had ever endeavored to obtain a support order.

His testimony reads: "Q. Did you ever start an action for divorce in New York? A. Not in New York. Q. Never in Pennsylvania? A. No. Q. Not living anywhere else, you did not start anywhere else? A. No, sir. ...... Q. And you never started suit anywhere except this present divorce suit? A. No. ...... Q. Was there ever any support order made by any court on you to pay your wife any money? A. No, sir. Q. Was there ever any attempt made at any time by your wife to obtain a support order? A. No, sir." When the respondent received notice from the master of the first hearing, fixed for August 11, 1927, she wrote a letter to him, dated July 29, 1927, in which she protested against the granting of the divorce and stated that she had requested her former counsel in Boston to send to the master the record in a previous application made by libellant in Hartford, Conn., for a divorce from her. Under date of August 2, 1927, her counsel communicated with the master and sent him a printed copy of the record of the proceedings in Connecticut, from which it appeared that libellant's application there had been refused because of his failure to establish the required residence in that state and the refusal affirmed by an appellate court. It is perfectly clear that libellant had no intention of disclosing the fact that he had applied for and been refused a di-

vorce in Connecticut. When confronted by the master with what is described in the correspondence as "a copy of the pamphlet printed for the Connecticut Supreme Court of Errors" containing the testimony in the Connecticut case, libellant admitted that in 1924 he had been refused a divorce in Connecticut, and admitted that he had testified in that proceeding that he had gone into Connecticut to make his application because he knew he could not get a divorce in New York state on the ground of desertion. Complaint is made by counsel for appellant that the master attached to his report copies of the letters from respondent and from her counsel "without advising the libellant or his attorney of the receipt of the same and giving him an opportunity to answer the same." These letters were not in evidence and should not have been attached to the report, but as no findings are based upon their contents we are not convinced that the improper action of the master in attaching them to his report constitutes reversible error. The use by the master of the printed testimony in the Connecticut case for the purpose of framing questions put to appellant in the hearing before him was not improper. His findings are based upon libellant's admissions before him and not upon anything contained in the record of the proceedings in Connecticut. Appellant's only explanation of his evident attempt to conceal from the master the fact that he had been refused a divorce in Connecticut was that he did not understand the questions to which he had given false answers. These questions were too plain and repeated too often to leave any room for this explanation. We are persuaded, under all the competent testimony, that appellant's sole purpose in coming to Pennsylvania was to avail himself of certain provisions of our divorce statutes which, in his particular case, seemed to be more liberal than those of the state in which the alleged desertion oc-

curred. In our opinion he failed to meet the burden resting upon him of showing that at the time of filing his libel he was a bona fide citizen and resident of this state and had been such for at least one year previous thereto.

Decree affirmed at costs of appellant.