JAMES W. PENNINGTON, PETITIONER-RESPONDENT, v. TRENITE CORPORATION (McFARLAND FOUNDRY), RESPONDENT-PROSECUTOR.

Argued May 4, 1943—Decided August 9, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *George E. Meredith*.

For the respondent, *David L. Smith* (*James S. Turp,* of counsel).

The opinion of the court was delivered by .

PERSKIE, J. This is a workmen's compensation case. The question for decision involves the propriety of the ruling in the Bureau denying prosecutor's motion to dismiss the petition upon the ground that it was barred by the statute of limitations.

The meager record before us contains in the main respondent's claim petition for compensation filed June 27th, 1942, and served July 11th, 1942, a motion to dismiss that petition upon the ground that it was barred by the statute of limitations, and testimony taken on the motion. This testimony, by stipulation, was limited to the narrow issue as to whether or not there was a compliance by the prosecutor with the Accident Reporting Act of 1924 (*Pamph. L.* 1924, *ch.* 187, *p.* 401), which act was in force at the time of the accident, and which accident allegedly occurred on November 29th, 1927. The deputy commissioner in the Bureau found that there had not been a compliance with the act and therefore prosecutor was deprived of the plea of the statute of limitations and it was directed to file an answer. Since the question of jurisdiction is involved, prosecutor was allowed a writ of *certiorari* to review the action in the Bureau. *Cf. Licker* v. *J. G. Martin Box Co.,* 127 *N. J. L.* 136, 138, 139; 21 *Atl. Rep.* (*2d*) 595; *Bates* v. *Asbury Iron and Bridge Works, Inc.,* 130 *N. J. L.* 394.

We think there was error. One of the express conditions to the imposition of the penalty provided for in the act of 1924, *supra,* is that it is incumbent upon the employee to show "that the employer had knowledge of the accident *and resultant permanent injury or disability* extending beyond the waiting period." *Pamph. L.* 1924, *supra, p.* 401, § 6. (Italics supplied.) Even if we take as true for the purpose of the motion, all allegations of the claim petition, we find absolutely no evidence that the employer had knowledge of

any permanent injury or disability resulting from the accident in 1927. The petition does allege that prosecutor had knowledge of the accident, but, as indicated, it is silent as to whether or not prosecutor knew of any resultant permanent injury or disability. At the hearing on the motion, according to the transcript before us, there was an effort by respondent to prove the knowledge required by the act. That effort was unsuccessful because it appears that the person who made the hospital records by which the required knowledge was sought to be proved was not available. It is suggested that he is presently in the armed forces of our country. Be that as it may, it was "incumbent" upon respondent to show that prosecutor had the knowledge required by the act and in the absence of such a showing the penalty provision of the act (statute of limitations) can not be invoked. Clearly, it was error to hold otherwise.

Even if it be assumed that the deputy commissioner was of the mind, as apparently he was, that, under the circumstances, respondent should be given further opportunity to show, if he could, that prosecutor had the knowledge as required by the act and even if it be further assumed that he held the cause solely for the purpose stated, then in all fairness and justice he should have accordingly withheld his determination that the statute of limitations was not available to prosecutor. Once having determined that the prosecutor had forfeited its asserted defense, the opportunity given to take testimony as to whether that defense should have been forfeited is a rather meaningless procedure; it is putting the cart before the horse.

The order is reversed. The cause is remanded to the Bureau there to be treated consistently with this opinion. Costs to abide the event.