Commonwealth ex rel. Saunders, Appellant, *v.* Saunders.

Argued May 1, 1944.   Before KELLER, P. J., BALD-
RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ.
(RHODES, J., absent).

*Clyde P. Bailey,* with him *Dane Critchfield,* of *Bailey
and Critchfield,* for appellant.

*John R. Bentley,* with him *Joseph I. Lewis,* for ap-
pellee.

OPINION BY BALDRIGE, J., July 15, 1944:

This appeal is from the action of the court vacating an order of support of the wife and child of Willis Lee Saunders, the appellee herein, originally made October 18, 1937. Subsequently rules were granted from time to time to show cause why the order should not be reduced, increased, and for attachments due to the husband's failure to comply with the order then in force. Ultimately two rules were pending; one obtained by the wife to increase the order for her support and the other by the husband to vacate it. The husband testified at the hearing embracing both rules that he is domiciled in the state of West Virginia and on October 28, 1942, had obtained a decree of divorce in the courts of that state. A question arose as to the extent of the cross examination that would be permitted of the husband. The attorney for the wife made a formal offer to show by cross examination of the husband and by the testimony of the wife inter alia that the defendant went to West Virginia when he was under order of the court of Allegheny County, Pennsylvania for the purpose of securing a divorce and ousting the jurisdiction of the Pennsylvania courts; that he swore falsely in that proceeding that he did not know the whereabouts of his wife; that no service was had on the wife and no appearance was entered for her; that the first knowledge she had of the divorce was when she was served with a notice of the petition to vacate the order of support; that the husband had lived in open adultery in Pennsylvania with the woman he later married in West Virginia. The objections made to this offer were sustained.

We are of the opinion that the court erred in that ruling. We do not state that the proof offered would have convinced the trial judge that the husband had not acquired a bona fide domicile in West Virginia. We are of the opinion, however, that it should have been

received and considered together with all the evidence, including that offered by the husband in determining that disputed question. The courts of this commonwealth unquestionably have the power to inquire into the facts requisite to confer jurisdiction, including the bona fides of a libellant who alleged he had acquired a new domicile in the state where a divorce was obtained. Domicile of origin is presumed to continue until another state domicile has been acquired by actual residence coupled with intention of abandoning the domicile of origin: *Price v. Price*, 156 Pa. 617, 626, 27 A. 291. The proof of a change of domicile does not depend upon any particular fact but upon whether all the facts taken together tend to establish a new, fixed and permanent residence. The "full faith and credit" clause of the Federal Constitution, Article 4, section 1, does not require our courts to accept the decree of divorce entered in West Virginia against a respondent, a resident of this commonwealth not served with process and who did not appear in the action, unless the libellant acquired a bona fide domicile in that state: *Melnick v. Melnick*, 154 Pa. Superior Ct. 481, 492, 493, 36 A. 2d 235. While the general rule is that a judgment or decree cannot be attacked collaterally, it is well recognized that a decree of divorce of one state can be collaterally attacked for fraud or want of jurisdiction. A bona fide domicile is an essential jurisdictional fact: *Commonwealth ex rel Esenwein v. Esenwein*, 348 Pa. 455, 35 A. 2d 335 affirming 153 Pa. Superior Ct. 69, 33 A. 2d 695, and cases cited therein including *Bell v. Bell*, 181 U. S. 175, 21 S. Ct. 551, 45 L. Ed. 804, and *German Savings and Loan Society v. Dormitzer*, 192 U. S. 125, 24 S. Ct. 221, 48 L. Ed. 373.

The husband does not seriously question that a lack of jurisdiction may be raised, but asserts that the offer of proof was confined to his alleged perjury, improper motive in establishing a domicile in West Virginia, and

failure to serve the wife with process. The offer was not as specific as it might have been, but we think it was sufficiently definite and comprehensive to show that its purpose was to impeach the jurisdiction of the West Virginia court on the ground that the libellant had not acquired a bona fide domicile in that state. There was not an exclusive reliance on intrinsic fraud, viz. in perjury at the trial, but the primary purpose of the offer, as we view it, was to show extrinsic fraud, an illegal and fraudulent attempt on the part of libellant to bring himself within the jurisdiction of the West Virginia courts to obtain the divorce. A greater latitude is permitted in the introduction of evidence and in the examining of witnesses to show fraud than in cases generally: *Kasson v. Rocky Glen Water Company et al.*, 81 Pa. Superior Ct. 11, 13, 16. That is especially true if there are reasonable grounds for concluding that an imposition has been practiced on the courts.

The appellee states that we have already passed upon substantially the same situation that now confronts us in *Commonwealth ex rel Cronhardt v. Cronhardt*, 135 Pa. Superior Ct. 117, 4 A. 2d 589, where the wife applied for reinstatement of a support order. The application was resisted on the ground that a divorce had been obtained in Maryland upon the ground of desertion. It appeared that Maryland was "their matrimonial domicile" and it was only there that they lived together as man and wife. We held that the evidence was not sufficient to negative the jurisdiction of the Maryland Court and that therefore the Municipal Court of Philadelphia did not have authority to grant the relief sought. The facts in that case are dissimilar to those before us. That decision does not control the present question.

The order of the court below is reversed and the record is remitted for further proceedings in accordance with this opinion.