## Chidester, Appellant, *v.* Chidester.

Argued March 1, 1948. Before RHODES, P. J., HIRT, ROSS, ARNOLD and FINE, JJ. (RENO and DITHRICH, JJ., absent).

*Laurence D. Savige*, with him *William M. Murphy*, for appellant.

*James K. Peck*, for appellee.

OPINION BY FINE, J., July 23, 1948:

David J. Chidester, appellant, filed his libel in divorce on December 16, 1946, charging his wife with (1) cruel and barbarous treatment; (2) indignities; and (3) desertion, averring that he had "resided in the said Commonwealth for the period of one whole year" prior to filing his libel. An answer was filed alleging that "the Libellant is not a resident of the State of Pennsylvania," but is a resident of New York. The cause was heard by a judge without a jury. Libellant withdrew the charge of desertion and the charge of cruel and barbarous treatment was not pursued. The court below concluded that "the good faith of the libellant's change of residence is doubtful. The respondent is not guilty of indignities to his person," and dismissed the libel. The husband has appealed.

The parties were married April 28, 1926, and established a temporary home in a garage in Conklin, New York. They soon purchased a lot there on which they built a home, to the construction of which appellee contributed most of her life's savings, earned as a stenographer and secretary. Appellee contends that appellant also considered this home, where she and the daughter have lived since 1926, as his residence and home. The pleadings and testimony clearly raised an issue as to whether libellant was "a bona fide resident in this Commonwealth" for one year immediately prior to the

filing of his libel in compliance with section 16 of the Act of 1929, P. L. 1237, §16, 23 PS §16.[1]

The court below in merely expressing doubt concerning the good faith of libellant's change of residence did not squarely answer the jurisdictional question raised by the pleadings. The evidence reveals that on December 13, 1945 (one year and three days before appellant filed his libel), libellant took a furnished room in Scranton, Pennsylvania, and he claimed that room to be his residence from said date. His landlord testified that libellant had no written lease for this room which, incidentally, he had previously occupied, not as a residence but merely for stop-overs and as a roomer in 1944 while employed as an engineer on the Delaware, Lackawanna and Western Railroad. There was little persuasive evidence that libellant considered his status changed on and after December 13, 1945. The evidence is more consistent with the continuation of his prior conduct. And, when a change of domicile is alleged the burden is upon the libellant, who makes the allegation, to prove a residence in a new locality and the intention to remain there. *Alburger v. Alburger,* 138 Pa. Superior Ct. 339, 10 A. 2d 888.

Libellant relies upon the testimony that his work as a railroad engineer required that he live in Scranton; that there was no longer any work in Binghamton; that in Scranton he was on extra runs which required him to be on duty anywhere from forty-five minutes to three hours after notice; that such requirement necessitated his living nearby; that he voted[2] in Scranton in the

---

[1] "No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel. The libellant shall be a competent witness to prove his or her residence."

[2] GEST, J., in *McShea's Est.*, 20 Pa. D. & C. 222, 225, 226, said, inter alia: ". . . And it appears from the record in Dorrance's Estate, [309 Pa. 151 (1932)] p. 176, that Dorrance and his wife

primaries and general election of 1946. On cross-examination, appellant dispels his contention of a bona fide residence in Pennsylvania. He admitted that after December 13, 1945, he returned to Conklin regularly at least once a week, and oftener occasionally; that he returned there and ate many meals prepared by his wife. One witness testified: "Q. Have you ever seen her serve him any food? A. Oh, yes . . . quite frequently." Furthermore, he admitted the following: that he kept his razor and brush in the house and often shaved there; that he brought his clothes there weekly where his wife washed them for him; that he did odd jobs around the house and tended the fires; that he often changed his clothes and occupied his own room containing his own furniture and belongings; that he often slept in the home; that he was seen by neighbors at the house two or three times a week; that his coming and going continued in the same fashion after he had taken the room in Scranton and after the divorce proceeding had been instituted; that on several occasions he acted as host to callers; that he continued to receive a government pension check at his New York residence, the same as he had for years, as well as other mail; that his New York auto license had not been changed.

Each of the above factors in itself may have little weight, but all conjoined lead irresistibly to the conclusion the libellant did not discharge his burden of establishing a change of domicile. It does not affirmatively appear that there existed a clear intention to abandon the former domicile and to make the Pennsylvania residence a permanent home with domiciliary intent, coupled with an actual bona fide residence for one year

---

voted in New Jersey a dozen times from 1920 to 1929, but our Supreme Court evidently considered this fact as of little importance. . . ." Cf. *Shelton v. Tiffin*, 47 U. S. 163; *Reed v. Reed*, 59 Pa. Superior Ct. 178, 181; *Hilyard v. Hilyard*, 87 Pa. Superior Ct. 1, 5; *Alburger v. Alburger*, 138 Pa. Superior Ct. 339, 343, 10 A. 2d 888; *Morgan v. Morgan*, 95 Pa. Superior Ct. 267, 270; Freedman, Marriage and Divorce, §118, p. 293.

previous to the filing of the libel. A mere legal residence in Pennsylvania with an actual residence out of it is insufficient to confer jurisdiction on our courts. This requirement is jurisdictional and cannot be waived by the parties. Cf. *Price v. Price*, 156 Pa. 617, 27 A. 291. Intention is always an elusive concept and what factors, in a given case, exhibit such intention will usually be determined by and be dependent upon the facts and circumstances of the case. "The proof of a change of domicile does not depend upon any particular fact but upon whether all the facts taken together tend to establish a new, fixed and permanent residence": *Commonwealth ex rel. Saunders v. Saunders*, 155 Pa. Superior Ct. 393, 396, 38 A. 2d 730.

"The intention to abandon a former domicile must concur with the intention to acquire a new one: Hindman's Appeal, 85 Pa. 466. Domicile depends upon no one fact, it may be defined to be a residence at a particular place accompanied with positive or presumptive proof of continuing it an unlimited time: Guier v. O'Daniel, 1 Binney, 349. If the intention of permanently residing in a particular place exists, a residence in pursuance of that intention, however short, will establish a domicile: Price v. Price, 156 Pa. 617": *Reed v. Reed*, 30 Pa. Superior Ct. 229, 235.

In *Gearing v. Gearing*, 83 Pa. Superior Ct. 423, this Court said, at page 424: "Our decisions hold that the residence contemplated by our statutes relating to divorce is a permanent one with domiciliary intent; a temporary residence without intention to establish a domicile is not enough. But, on the other hand, a domiciliary intent not accompanied by actual bona fide residence within the Commonwealth for a year cannot give jurisdiction to our courts." *Commonwealth ex rel. Esenwein v. Esenwein*, 348 Pa. 455, 459, 35 A. 2d 335; *Price v. Price*, 156 Pa. 617, 27 A. 291; *Dulin v. Dulin*, 33 Pa. Superior Ct. 4; *Verbeck v. Verbeck*, 160 Pa. Superior Ct. 515, 52 A. 2d 241; *Hollister v. Hollister*, 6 Pa. 449,

452. " 'Domicile is the place in which, both in fact and intent, the home of a person is established without any purpose to return to a former home; the place where he lives, in distinction from that where he transacts his business; the place where he chooses to abide, in distinction from that in which he may be for a temporary purpose; the place which he has chosen, in distinction from one to which he may be exiled or sent a prisoner, or, being in the government service, to which he is ordered . . . it is the place which the fact and the intent, combined with each other and with the law, gravitate to center in, as the home.': Bishop on Marriage, Divorce and Separation, Vol. 2, Sec. 88. See also Gearing v. Gearing, 83 Pa. Superior Ct. 423 and Hilyard v. Hilyard, 87 Pa. Superior Ct. 1": *Gearing v. Gearing,* 90 Pa. Superior Ct. 192, 195. No person can, at the same time, have more than one domicile although he may readily have a number of residences, which are seasonally or otherwise occupied. A new domicile may be acquired by a change in fact and intent, *facto et animo,* and once acquired is not lost by mere absence or change of residence.

We may well adopt the following language in *Morgan v. Morgan,* 95 Pa. Superior Ct. 267, 270, et seq., with its many strikingly similar facts: "Accepting the above facts at their face value the court below, in dismissing the exceptions to the master's report, said: 'The master was justified in determining that this libellant did not come to Pennsylvania in good faith, but for the sole purpose of technically establishing a residence, and omitted none of the minor details in doing so, that he might create a color or right to a legal residence that would entitle him to the benefits of our divorce laws and freedom from his marital obligations.' Upon a careful reading of the libellant's testimony, we find ourselves in accord with this inference. . . . We are persuaded, under all the competent testimony, that appellant's sole purpose in coming to Pennsylvania was to

avail himself of certain provisions of our divorce statutes which, in his particular case, seemed to be more liberal than those of the state in which the alleged desertion occurred. In our opinion he failed to meet the burden resting upon him of showing that at the time of filing his libel he was a bona fide citizen and resident of this state and had been such for at least one year previous thereto."

A discussion of the merits of this case, adversely to libellant's cause as the testimony would demand, is wholly unnecessary as the decree of the Court below refusing a divorce must be affirmed for the want of jurisdiction.

Order affirmed.