## Smith v. Smith

*J. Melvin Kelly*, for libellant.

LITTLE, P. J., March 1, 1948.—This is an action for annulment of a void marriage contracted in Tioga County, Pa., December 4, 1946. Libellant herein had previously been married to one Charles N. Knauf and later was divorced by him in the County of Broome, State of New York, on the ground of adultery committed with her present husband who was named corespondent in the evidence produced in the above action.

That a respondent and a named corespondent in a divorce case where the charge is adultery and the charge is sustained may not later be legally joined in marriage in Pennsylvania is too well settled to require further discussion. See Act of March 13, 1815, P. L. 150, 6 Sm. L. 286, 48 PS § 169; Immendorf's Estate, 7 Dist. R. 449; Kline v. Kline, 77 Pitts. L. J. 750.

We are not satisfied from the evidence before us that we have jurisdiction to grant the prayer of this petitioner.

The Act of June 10, 1935, P. L. 294, sec. 1, amending section 15 of the Divorce Law of May 2, 1929, P. L. 1237, inter alia provides:

"Petitions or libels for the annulment of void or voidable marriages may be exhibited to the court of

common pleas of the county where the marriage was contracted, or in the county where either the libellant or respondent resides, and, in such cases, residence of the libellant within the county or State, for any period shall not be required."

A decision of the issue before us depends upon the construction placed on the latter portion of the above section.

Residence has been defined in many cases; among them we note In the Matter of Grant Edmundson, 109 Superior Ct. 495, 496, in which case the court said:

"The Act of 1907 which provides for the appointment of guardians for the protection of 'insane persons, feeble-minded persons and epileptics, unable to take care of their property', makes it a jurisdictional requirement that the petition for such appointment be presented 'to the court of common pleas of the county in which said person to be cared for resides'. By this is not meant the place where he may be sojourning at the time the petition is presented, but his established place of abode, his permanent dwelling place, and is practically synonymous with 'domicile': In re Appointment of Guardian for Belle Nichols, 86 Pa. Superior Ct. 38; 54 C. J. 703, sec. 3. The word 'reside' is here used in the same sense in which it is used in the statute relative to the establishment of a settlement by a person not a public charge: Act of May 14, 1925, P. L. 762, sec. 800; . . . and in our divorce statutes: Act of March 13, 1815, 6 Sm. L. 287, sec. 2; Act of May 2, 1929, P. L. 1237, sec. 15; Reed v. Reed, 30 Pa. Superior Ct. 229, 235. . . ." In Graham v. Commonwealth, 51 Pa. 255, at page 258, the court accepted Webster's definition "To reside, means to dwell permanently for any length of time; a settled abode: Webster". See also Barnes v. Barnes, 74 Pitts. L. J. 398.

"Although The Divorce Law, Sec. 15, and its amendment of 1935, alike refer merely to residence within the county, it has been properly declared, under earlier

legislation similar in terms, that 'bona fide residence' within the county is required. It therefore may be said that the requirement of residence in the county is precisely similar to the jurisdictional requirement of bona fide residence within the state, except that residence within the county is not required for any specified length of time . . .": 1 Freedman on Marriage and Divorce, §127, p. 330.

It has been argued and is without question that the amendment of 1935, supra, does not require residence in the State or county for any period of time. It is, however, our opinion that the provision giving venue where either party resides requires an actual bona fide residence in order to confer jurisdiction on the court. The statute provides that when there is no residence in the State the marriage may be annulled in the county where it was contracted, but if either or both parties actually have a bona fide residence here, though no length of time be required, the action may be brought where either party resides. It was never the intention of the legislature to let down the requirement of "bona fides" as applied to residence wherever it is required as a jurisdictional factor; consequently it supplied a remedy to those who do not actually reside here by permitting to a nonresident applicant either application for annulment where the marriage was contracted or where the other party to the contract resides.

Libellant testified that she resided in Little Meadows (a small village in Susquehanna County just inside the Pennsylvania line) and worked in New York State. She stated that she had resided there since March 1, 1947. This action was begun June 27, 1947. She testified that she is planning to remarry her former husband and desires to have her present marriage with Robert Anthony Smith declared void and of no legal effect. She testified in response to a question by the court:

"Yes. Mother went down to Athens to see about getting the annulment and he recommended that I go some place in Pennsylvania and start proceedings.

"Q. So you would have a residence to base this claim?

"A. Yes.

"Q. How did it happen he did not send you to Elkland, Pa., where the marriage ceremony was consummated?

"A. He thought it didn't make any difference just so it was Pennsylvania."

By libellant's attorney: "We are not required to be a resident of Pennsylvania under this act."

There is no substantial corroboration of petitioner in her claim of residence in this county.

We are impelled from all the testimony before us and the attitude of libellant while on the stand, to the conclusion that she came here only for the purpose of instituting this action. She intends to rewed her first husband; she is here because an attorney advised her mother to have her go some place in Pennsylvania and start proceeding.

"In determining the existence of a domiciliary intention all the circumstances must be considered and the evidence necessary to constitute domiciliary intent varies with the case. The proof of change of a domicile does not depend upon any particular fact but upon whether all the facts taken together tend to establish a new, fixed and permanent residence. Reed v. Reed, 59 Pa. Superior Ct. 178; Commonwealth ex rel. Saunders v. Saunders, 155 Pa. Superior Ct. 393, 38 A. 2d 730": Verbeck v. Verbeck, 160 Pa. Superior Ct. 515, 520. From all of the evidence in this case we are persuaded that domiciliary intention was completely lacking when libellant came here.

We do not think the legislature intended by the Act of 1935, P. L. 294, to so completely let down the bars to strangers to use the courts of Pennsylvania to ex-

tricate themselves from marriage contracts by merely coming here to stay a while, or coming here or anywhere just so it is in Pennsylvania and claiming residence for the purpose of instituting an action of annulment.

The Divorce Law of 1929, in section 15 provides, inter alia, under the subject of jurisdiction:

"Petitions or libels for annulment of bigamous marriages may be exhibited to the court of common pleas of the county where the marriage was contracted, or in the county where either the libellant or respondent resides, and in such cases, residence of the libellant within the county or State, for any period shall not be required." Section 16, immediately following, provides: "Residence of Libellant—No spouse shall be entitled to commence proceedings for divorce by virtue of this act who shall not have been a bona fide resident in this Commonwealth at least one whole year immediately previous to the filing of his or her petition or libel. The Libellant shall be a competent witness to prove his or her residence."

In the Act of 1929, supra, a spouse is required to have a bona fide residence of at least one whole year immediately previous to the filing of her petition or libel. In section 15 for the purpose of the annulment of a bigamous marriage, "residence of the libellant within the county or State, for any period shall not be required". The Act of 1935, supra, carries the same provision in section 15 to petitions to annul void or voidable marriages. In each case there is the requirement that there be a residence. The period of time that it must exist has been removed but nowhere has the legislature shown the slightest intention of deleting the requirement that the residence be bona fide. The Act of 1935 states that action may be begun where libellant or respondent resides. This does not mean where they are temporarily staying nor where they may have taken up a temporary abode for the purpose

of the action. There is no reason to ascribe to the words employed by the legislature in the enacting of these statutes any other than their common ordinary use. The county where libellant resides must be that one where he or she has a bona fide residence, although it need not be for any period of time.

We are fully cognizant of the oft-repeated argument of the interest of the Commonwealth as a third party in all divorce cases and of the principle that marriages of this type are so frowned upon that they are declared not to be legal marriages from the very beginning and that courts ought to lend their aid to declare them null and void. That this is so does not give the court power to annul where any jurisdictional element is found wanting. If libellant herein had intended to come any place in Pennsylvania and start an action without establishing a bona fide residence, she should have gone to Tioga County where the marriage was contracted.

The laws prescribing jurisdictional requirements in order to confer power on the several courts of Pennsylvania have been rigidly drawn and enforced in order to protect its citizens and the Commonwealth against the inrush of strangers seeking the avenue of its courts. Without complete jurisdiction our courts are without authority to act and after a careful study of the record before us we are conscientiously of the opinion that we should not annul this marriage contract. It is to be hoped that this questioned paragraph of the Act of 1935 may receive appellate court interpretation and in view of the above we hold that the Act of 1935, P. L. 294, giving venue in the county where either party resides requires that party to have a "bona fide residence" although no period of time is specified, and that where neither party resides in that sense, in any county of this State, action must be begun where the marriage was contracted. The petition for annulment is dismissed. Libellant to pay all of the costs.