## Snow v. Snow

*Hyman Rockmaker*, for plaintiff.

*Robert E. Haas*, for defendant.

KOCH, J., September 3, 1957.—Plaintiff filed a complaint in divorce on November 9, 1956, alleging that he was wilfully and maliciously deserted by defendant on September 22, 1952. Defendant entered an appearance and her counsel was present at the hearing before the master and examiner. Defendant did not attend the hearing and no testimony was offered in her behalf.

The master found that the allegation of desertion was sustained but concluded that this court had no jurisdiction for the reason that plaintiff was not a bona fide resident of Pennsylvania within the meaning of The Divorce Law and recommended that the complaint be dismissed on that ground. The case is now before us on exceptions to the report of the master.

The facts found by the master and substantiated by the testimony indicate that the parties were married at Everett, Mass., on July 14, 1946, and shortly thereafter they took up residence at a military post in California where plaintiff was on duty. On September 22, 1952, plaintiff was ordered overseas and requested that

defendant accompany him to his new post. It is clear that her refusal to follow her husband, a career soldier with nearly 20 years' service, was without legal foundation. Several of plaintiff's letters requesting her to live with him went unanswered.

Upon the return of plaintiff to the United States in August, 1954, he was stationed at Fort Meade, Md., and in August, 1955, was assigned to duty at the United States Army Reserve Center in Allentown where he has served continuously since that time and resides in a private dwelling. In August, 1955, November, 1955, and April, 1956, plaintiff was met with refusals by defendant to reside with him in an apartment. These requests were made in person at the home of defendant's parents in Everett, Mass. A subsequent request by mail in June, 1956, went unanswered and 15 months after having taken up residence in Allentown, plaintiff instituted this action in divorce.

The master concluded that although plaintiff was present in this jurisdiction for the required period of time that he was not a bona fide resident of the Commonwealth and has called to our attention the familiar rule that the term "bona fide resident" in The Divorce Law of May 2, 1929, P. L. 1237, sec. 16, 23 PS §16, means "a permanent one with domiciliary intent": Gearing, Jr., v. Gearing, 83 Pa. Superior Ct. 423; Huston v. Huston, 130 Pa. Superior Ct. 501; Verbeck v. Verbeck, 160 Pa. Superior Ct. 515; Chidester v. Chidester, 163 Pa. Superior Ct. 194. The element of animus manendi requires an intention to establish in praesenti a home at the new place to which the person has gone. As such, there must be an intention to remain permanently or at least indefinitely without a definite intent of creating a permanent abode elsewhere.

The application of the foregoing principles to members of the armed forces has been a troublesome prob-

lem for the reason that it is frequently difficult to ascertain from the facts of a given case the matter of intent. The master has called to our attention the case of Wallace v. Wallace, 371 Pa. 404, which held as follows:

"It is unquestionably true that a person acting under compulsion cannot acquire a domicile of choice but to apply that rule with inflexible rigidity would prevent anyone whose employment took him to a new jurisdiction from acquiring a domicile there. The correct application of that rule is found in Restatement, Conflict of Laws, §21, Comment c, where it is stated: 'A soldier or sailor, if he is ordered to a station to which he must go and live in quarters assigned to him, cannot acquire a domicile there though he lives in the assigned quarters with his family; for he must obey orders and cannot choose to go elsewhere. *If, however, he is allowed to live with his family where he pleases provided it is near enough to his post to enable him to perform his duty, he can acquire a domicile where he lives.*' "

The master has taken the position that this plaintiff cannot avail himself of the rule of that case for the reason that his family did not reside with him in off-post quarters. In spite of our high regard for the learned master, we cannot agree with his conclusion.

Not only did plaintiff live where he chose and where he would have been allowed to live with his family, but his intent to make a permanent home in Lehigh County was clearly indicated by his efforts to bring defendant to this jurisdiction beginning in August, 1955, the first month in which he resided here. Moreover, there is no testimony indicating that plaintiff entertained any intent to become a resident *elsewhere* or that there was any abode to which he could return. Were we to hold otherwise, plaintiff might well find himself facing a "no-man land" status and be denied legal relief to which he is clearly entitled on the merits.

*Decree*

And now, September 3, 1957, the exceptions to the report of the master are sustained and it is decreed that Frank Snow, plaintiff, be divorced and separated from the nuptial ties and bonds of matrimony heretofore contracted between him, the said plaintiff, and defendant. Costs shall be borne by plaintiff.