# Hugh S. McGuire, Jr., Appellant, v. Gertrude E. Foxhill McGuire, Appellee.

## Gen. No. 28,524.

1. DIVORCE—*sufficiency of proof of jurisdictional residence.* A bill for divorce was properly dismissed for want of proof that complainant resided within the State for one whole year next before filing his bill where the evidence showed him to be a traveling actor and that while he claimed that Chicago was his home and that he lived at a certain street address he had been there but two days in the two years preceding the filing of the bill and had stopped for a few days at a hotel in that city.

2. DIVORCE—*sufficiency of proof of desertion by wife.* A charge of desertion by the wife is not proven and a bill on that ground was properly dismissed where the evidence shows that complainant was a traveling actor without residence within the State, that he had deserted his wife and child in a distant city eleven years prior to the filing of the bill and had not contributed anything to their support after leaving them, during which time the wife had supported herself and child although at all times expressing her willingness to continue to be an affectionate and dutiful wife.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Affirmed. Opinion filed March 10, 1924.

BEREZNIAK & DITTUS, for appellant.

ROBERT E. CROWE, State's Attorney, for appellee; EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an order of the chancellor dismissing the bill filed by complainant seeking a divorce, charging his wife with desertion. The record shows that the chancellor was of the opinion that the

statutory requirement of complainant's residence in the State one whole year next before filing the bill was not proven, and that the charge of desertion was not supported by sufficient evidence. We are of the opinion that the record justifies these findings and that the order of dismissal was proper.

The bill was filed October 3, 1922. Defendant was defaulted and the hearing was before the chancellor in November. Complainant testified to his marriage to defendant in June, 1908, at Wilmington, Delaware; that one child was born of this marriage; that they lived for a while at Wilmington and then moved to Philadelphia, where they lived together about six months. In 1911 he commenced traveling as an actor, leaving his wife and child in Philadelphia, and has very rarely lived with her since that time. He admitted that since 1912 he had never sent her any money. In the meantime she was employed and with her earnings supported herself and their child.

Complainant claimed that Chicago was his home and that he had lived at 4112 Broadway for the past two years, but on further examination admitted that he had been there only two days in 1920, and at other times stopped at the Sherman House for a few days. He does not claim that the Sherman House was his home, but that he simply registered there and was assigned a room for a short while. Complainant testified that he did not write to his wife after 1920, which was the last time he had seen her. It also appears that he had been arrested in Cincinnati charged with nonsupport and was taken to Philadelphia.

We quote as applicable to this case from *Doolan v. Doolan,* 33 Pa. Super. Ct. 4:

"It is not the policy of our laws to make this State a transitory resting place to secure the annulment of a contract of marriage. Our statutes and decisions require that it must affirmatively appear that there has been a clear intention to abandon a former residence and to make this State a permanent one with

domiciliary intent coupled with an actual bona fide residence for one year within this commonwealth previous to the filing of petition.''

It is manifest from the evidence that complainant was a bird of passage while his wife was supporting herself and their child by working in Philadelphia. He cannot, under these circumstances, simply because of a temporary stay of a few days in a period of two years or more, assert that this State is his residence within the requirements of the statute on divorce. The chancellor was right in holding that the necessary period of residence in this State was not proven.

The charge of desertion also failed. The complainant left his wife and child in 1911 and since then has contributed nothing to their support. In the meantime she was writing him letters in a friendly way. Even after the bill was filed she writes him in the most affectionate way, deploring his wish for a divorce and indicating, as all her correspondence showed, a willingness to continue to be an affectionate and dutiful wife. Even if he had requested it, she was not bound to travel with him constantly, especially with her small child. Instead of her deserting him, the evidence rather shows that he deserted her, leaving her to shift for herself and also to support their infant boy.

For the reasons indicated the order of the chancellor is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.