Lele H. Wells, Appellant, v. Roe E. Wells, Defendant Below. Thomas J. Courtney, Appellee.

Gen. No. 42,981.

Opinion filed May 23, 1944.

James E. Daniels, Joseph W Grady and Cameron Latter, all of Chicago, for appellant; Ode L. Rankin, of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for appellee; William J. Tuohy, Joseph P. Burke, Francis S. Clamitz and George B. Duggan, Assistant State's Attorneys, of counsel.

Mr. Presiding Justice Friend delivered the opinion of the court.

On July 20, 1943 plaintiff, Lele H. Wells, filed her complaint for divorce in the superior court, charging cruelty on the part of her husband, Roe E. Wells. Summons issued and was delivered to the sheriff of Cook county for service. Defendant filed his answer July 23, denying the cruelty charged. The matter came on for hearing before Judge John C. Lewe July 29, 1943, defendant appearing by counsel, and upon the proof adduced before the court, a decree for divorce was entered on the same day.

Subsequently, August 18, 1943, Judge Lewe wrote a letter to the State's Attorney from Minocqua, Wisconsin, stating he had been advised "that perjury had been resorted to in bolstering up the charges" in the Wells case, and "that the parties reside in New York, where several attempts had been made to secure an annulment of this marriage, which were unsuccessful." August 23, 1943 the State's Attorney served notice on the attorneys of record, stating that he would appear before Judge Sabath the following day and move the court to vacate the decree entered July 29. No affidavit or petition accompanied the notice, and none was filed in support of the motion at any time. In the absence of Judge Lewe on his vacation, an order was entered by Judge Sabath continuing the motion to September 21. When the motion came on for hearing before Judge Lewe on the latter date, it was continued to

September 28, and at that time plaintiff filed a motion to dismiss and abate the proceeding instituted by the State's Attorney. A week's continuance was then granted the State's Attorney for the preparation of his case. Upon the hearing had October 5, evidence was adduced by the State's Attorney purporting to prove that neither of the parties resided in Cook county, Illinois, at the time the complaint was filed or prior thereto, and an order was entered vacating the decree of divorce, from which plaintiff has taken an appeal.

Notwithstanding plaintiff's contention that the State's Attorney "has no official duty under the law which authorizes any appearance in litigation between third persons and interference with the judgments or decrees of courts in civil litigation," it seems to be a well-settled principle in this State that although a suit for divorce upon its face is a mere controversy between the parties to the record, nevertheless the public occupies the position of a third party, and "it is the duty of the State, in the conservation of the public morals, to guard the relation." (*Johnson v. Johnson,* 381 Ill. 362.) In *Berlingieri v. Berlingieri,* 297 Ill. App. 119, the court defined the public policy in Illinois with respect to the State's position in divorce matters as follows: "In a case of this character, where the lack of jurisdiction and the lack of proof is so pronounced, we think it well to consider the public policy of this State with relation to divorce as defined by our Supreme Court. In matters of divorce the State itself is always a party to the suit." In *McGuire v. McGuire,* 232 Ill. App. 447, the court was not satisfied with the evidence of residence and denied complainant a decree for divorce. Upon appeal the State's Attorney filed his brief in support of the court's ruling. The procedure was approved and the decree affirmed.

Since "it is the duty of the State, in the conservation of the public morals, to guard the [marriage] relation" when a controversy arises between the parties,

the State's Attorney becomes the representative of the State, and in the case at bar it was his duty to intervene after the matter had been called to his attention by the trial judge.

However, the matters of fact which the State's Attorney sought to present to the court by his motion did not appear of record, and therefore under the prescribed procedure should have been supported by petition or affidavit. Section 174 (7) of the Civil Practice Act (Ill. Rev. Stat. 1943, ch. 110 [Jones Ill. Stats. Ann. 104.050]) provides that the court may, within 30 days after the entry thereof, set aside a judgment or decree upon good cause shown *by affidavit,* and rule 15, section 7, of the superior court of Cook county provides that "All motions when founded upon matters of fact not appearing of record in the cause shall be supported by affidavit or affidavits of such matters, a copy of which affidavit or affidavits shall be served with the notice of motion." The State's Attorney did not comply with either the statute or the rule; the hearing before Judge LEWE on the motion to vacate the decree was predicated entirely on an oral motion. Although the State's Attorney was authorized to intervene, it was incumbent upon him to follow the prescribed procedure the same as any other litigant.

Among other grounds for reversal, plaintiff argues that the evidence introduced by the State's Attorney failed to show that the parties were not residents of this State, and that the court therefore lacked jurisdiction to hear the cause and vacate the decree of · divorce. Since the matter will probably have to be retried in another proceeding, we refrain from commenting on the evidence.

For the reasons indicated, the order of the superior court is reversed, without prejudice, however, to the right of the State's Attorney to file a proper petition or affidavit as the basis for further proceedings.

*Order reversed, without prejudice.*

SCANLAN and SULLIVAN, JJ., concur.